**INTERNATIONAL EQUITY CORPORATION**

v.

**PEPPER AND TANNER, INC.**

Civ. A. No. 70–3239.

United States District Court, E. D. Pennsylvania.

Feb. 8, 1971.

Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for plaintiff.

J. M. Demcisak, Philadelphia, Pa., for defendant.

## MEMORANDUM

TROUTMAN, District Judge.

This action or proceeding was removed to this Court from the Court of Common Pleas of Montgomery County on November 23, 1970, when Pepper and Tanner, Inc., hereinafter referred to as "defendant" filed in this Court a "petition for removal" pursuant to the provisions of 28 U.S.C. § 1441 et seq., alleging diversity of citizenship and an amount in controversy in excess of $10,000.00, both of which are admitted by International Equity Corporation, hereinafter referred to as "plaintiff".

On December 28, 1970, plaintiff filed a motion to "remand" the action to the State Court, contending that the petition for removal was not filed within thirty days as required by 28 U.S.C. § 1446(b).[1]

On August 12, 1968, the defendant signed a judgment note payable to the plaintiff in the sum of $192,118.83, payable in four installments on December 31, 1968, and June 30, 1969, 1970 and 1971. On July 21, 1970, plaintiff, through its counsel, forwarded to the defendant letter of demand advising that the sum of $64,039.61, together with interest, was due and payable on said note "on or before June 30, 1970". The receipt of said letter is not denied. The defendant was further advised that unless payment of the amount due was made "within fifteen days" "all remaining installments payable under the note will become immediately due and payable with interest thereon to date of payment". The defendant's attention was also called "to the fact that under the terms of the note judgment may be entered against you by confession in any court of record in Pennsylvania or elsewhere". The defendant was further advised that counsel was instructed "to take such legal action as may be necessary to effect collection of the entire balance of the note" including accelerated payments, together with interest, costs and attorney's fees. On August 21, 1970, a complaint was filed by the plaintiff in the Court of Common Pleas of Montgomery County and judgment was confessed in the total sum of $119,134.51. On August 26, 1970, the plaintiff, through its counsel, forwarded to the defendant written notice, the re-

---

1. 28 U.S.C. § 1446(b) provides, inter alia:
"(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading had then been filed in court and is not required to be served on the defendant, whichever period is shorter.
If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

ceipt of which is not denied, which read as follows:

"Gentlemen: This is to advise that judgment has been entered against you in the amount of $119,134.51 in the above captioned matter for failure to comply with the terms of your installment note with International Equity Corporation."

On October 16, 1970, a writ of execution issued on said judgment which was served upon the defendant on October 19, 1970. On November 17, 1970, the defendant filed, in the Court of Common Pleas of Montgomery County, a petition to strike or open said judgment. On November 19, 1970, the defendant filed, in the Court of Common Pleas of Montgomery County, petition to set aside the execution and filed therewith an appropriate bond. On November 23, 1970, the defendant filed, in this Court, petition for removal of the action to this Court. On December 28, 1970, the plaintiff filed in this Court motion to remand the action to the State Court for failure to have complied with the provisions of 28 U.S.C. § 1446(b).

■ Said statute provides that the petition for the removal of a civil action to the Federal Courts shall be filed within thirty days after the "receipt" by the defendant "through service or otherwise" of a copy of the initial pleading. Where, as here, the initial pleading, the complaint, need not be served, it then provides that the petition for removal shall be filed "within thirty days after the service of summons upon the defendant". To cover a situation where removability can be determined only after the filing of amended pleadings or other papers, the statute provides that the petition for removal may be filed within thrity days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable". Thus, from a reading of § 1446(b) in its entirety, it becomes evident that a peti-

tion for removal must be filed by the defendant within thirty days after the *receipt* by the defendant of a pleading, a summons, a motion, order or other paper "from which it may first be ascertained that the case is one which is or has become removable". Regrettably, the Federal statute cannot be so drafted and phrased as to precisely fit the situation existing in each state and by the same token the State statutes and rules cannot be so drafted and phrased as to precisely fit the Federal statute. However, from a reading of § 1446(b), in its entirety, it becomes evident that it was the intent of Congress to obtain the earliest possible removal of the action to the Federal Court after *receipt*, by the defendant, of notice of the State proceeding, the nature of it, the issues involved and the parties involved so that, with this information, the defendant can determine the removability of the action. Given the opportunity to thus determine that it is removable, the defendant is then obliged to file his petition for removal within thirty days. Legal "service" is not required. The statute reads, "Service or otherwise". It need not be a pleading. The statute refers to an amended pleading, a "motion", "order" or "other paper". It is sufficient that the pleading, amended pleading, motion, order or other paper be sufficient that the defendant can, from it, ascertain "that the case is one which is or has become removable."

■ Pennsylvania Rule 2951, 12 P.S. Appendix, relating to confession of judgment provides for the confession of judgment, under certain circumstances, without the filing of a complaint. It further provides for the entry of a confession of judgment by the filing of a complaint which was done in this case on August 21, 1970. Pennsylvania Rule 2958 provides for the giving of written notice of the entry of judgment and the date, the court, the term and number and the amount of the judgment. Said rule provides that said notice "shall" be mailed to the defendant by the plaintiff

"within twenty (20) days after the entry of judgment". Said rule further provides that within the same twenty-day period a writ of execution may issue and a levy or attachment made. However, it provides that "no sale may be had pursuant to such writ until twenty days after the notice has been mailed (to the defendant) and the affidavit of mailing has been filed". The defendant contends that the notice in question is nothing more than a condition precedent to the sale. It is obviously more than that. The rule provides that the notice must be given within twenty days "after the entry of judgment". That the plaintiff may never, in fact, issue execution, levy, attach or attempt to sell, does not in the least affect his obligation to give the notice in question to the defendant within twenty days after the entry of judgment. Moreover, the contents of said notice, as required by the rule, is precisely the information contemplated by 28 U.S.C. § 1446(b), i. e., information from which it may be ascertained that the case is one which is "removable" to the Federal Court. Therefore, we cannot agree with the defendant's contention that the notice required is nothing more than a condition precedent to the execution and sale. It is more than that. It gives the defendant the opportunity to appear, immediately following the receipt of the notice, and to take whatever action he may desire in defense of his rights. If the plaintiff has not yet executed, it may well precede the execution. It gives to the defendant, within twenty days after the entry of the judgment, notice of all information essential to the protection of his rights. It incidentally gives him information sufficient upon which to base a decision as to the removability of the action to the Federal Courts in compliance with 28 U.S.C. § 1446(b). That the defendant is given no right to appear, answer the complaint and present a defense prior to the entry of judgment or even prior to the execution on the judgment is not pertinent to the question of removal. This is the result of the terms and provisions of the judgment note executed voluntarily by the defendant for commercial, economic and/or other reasons best known to him. Likewise, that the remedy is "powerful and drastic" is again the result of the defendant's voluntary execution of the judgment note and is likewise not pertinent to the question of removal.

The defendant contends that the use of the word "summons" in 28 U.S.C. § 1446(b) is significant in that it contemplates the issuance of some type of "original process" served upon the defendant before he can be required to file a petition for removal to the Federal Courts. There is nothing in the language of the statute and nothing in the history pertaining to its amendment to support such contention. The use of the word "summons" was apparently the result of an effort on the part of Congress to meet the specific practices prevailing in certain states "such as Kentucky" (see page 4 of defendant's brief). It does not suggest "original process". As a matter of fact, the clear language of the entire section (1446(b)) indicates that the notice to the defendant may be by way of a "pleading", a "summons", a "motion", an "order", or "other paper", *"from which it may first be ascertained that the case is one which is * * * removable."* Moreover, it need not be by "service". It may be by "service or otherwise".

Neither does the language of the statute suggest that defendant must be given information such as that contained on a "summons" used in Pennsylvania practice. The Pennsylvania summons notifies the defendant that an action has been commenced against him which he is "required to defend". But § 1446(b) requires no notice to the defendant that he is "required to defend" the action. It merely requires that he be given a "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable". So we can find nothing in the Federal Act which requires that the defendant's obligation

to remove, if he so desires, awaits service upon him of "original process". That the Federal Act does not so provide is understandable in that many State procedures, like the procedure in the instant case, do not provide for the service of original process upon the defendant. Were the Federal statute to be so construed it might well exclude completely the removability of certain actions, depending entirely upon the State procedures involved. The statute does not contemplate such an unjust result. Removability cannot be dependent upon the technicalities of procedures or the usage of specific verbiage.

 The defendant criticizes the Pennsylvania procedures incident to confession of judgment. We are not here concerned with the equities of those procedures, or the lack thereof, and neither are we concerned with the constitutionality thereof. We are concerned only with the thirty-day limitation contained in § 1446(b). In contending that "this court should not liberally construe the State confession procedure", (page 6 of defendant's brief) and in contending that "equity" should be applied, the defendant completely overlooks the fact that the thirty-day requirement for the filing of a removal petition is mandatory. We have no discretion. Putterman v. Daveler, D.C., 169 F.Supp. 125 (1958); Green v. Zuck, D.C., 133 F. Supp. 436 (1955); Maybruck v. Haim, D.C., 290 F.Supp. 721 (1962); Wisseman v. LaChance, D.C., 209 F.Supp. 807 (1962); Sunbeam Corp. v. Brazin, D.C., 138 F.Supp. 723 (1956); Pottstown Daily News Publishing Co. v. Pottstown Broadcasting Co., 247 F.Supp. 578, 583–584 (E.D.Pa.1965); Adams v. Western Steel Buildings Inc., 296 F.Supp. 759, 761 (D.Colo.1969); 1A Moore, Federal Practice, 1345 (1965).

 Therefore, we feel compelled to remand the action to the State Court and grant the plaintiff's motion to remand for failure, on the part of the defendant, to have filed its petition for removal within thirty days after receipt of letter of notice from the plaintiff. However, we need not base our conclusion solely upon such grounds. On October 19, 1970, writ of execution was served upon the defendant. Appearing thereon was information as to the court, number and term, the date of judgment, etc. Petition for removal was not filed within thirty days thereafter, so that, even if the receipt of the written notice from the plaintiff had not started the running of the thirty-day period prescribed by 1446(b) certainly the service upon the defendant of the writ of execution would have accomplished such result. In either event, the petition for removal was not filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b).

For the reasons stated we shall remand the action to the State Court and grant the plaintiff's motion to remand.