**Carla B. TYLER, Administratrix of the Estate of Donald M. Tyler, a minor, deceased, Plaintiff,**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.**

**Civ. A. No. 81–713.**

United States District Court,
W. D. Pennsylvania.

Oct. 28, 1981.

---

Judd F. Crosby, Pittsburgh, Pa., for plaintiff.

Alan H. Perer, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

DIAMOND, District Judge.

This action was removed to this court by the defendant pursuant to 28 U.S.C. § 1441. Presently before the court is plaintiff's motion to remand, which will be granted.

## BACKGROUND

The issue before us is whether the removal petition was timely filed. The undisputed facts relevant to that issue are:

On March 3, 1981, the plaintiff instituted this action in the Court of Common Pleas of Allegheny County, Pennsylvania, by filing against the defendant a petition for a rule to show cause why basic-loss benefits under the Pennsylvania No-Fault Insurance Act should not be paid to the plaintiff. A copy of the petition was sent by certified mail to the defendant who received it on March 4, 1981.

On March 16, 1981, the defendant filed preliminary objections to the plaintiff's petition seeking dismissal of the action on the grounds that service of process was defective and that an action for No-Fault benefits could not be commenced by a petition for a rule to show cause. The defendant's preliminary objections were sustained on April 6, 1981. However, instead of formally ordering a dismissal of the action the court ordered that the petition for the rule to show cause "... shall be redesignated as a complaint in assumpsit in the prothonotary's office and a writ shall be issued pur-

suant thereto and service shall be accomplished in accordance with the Rules of Civil Procedure for assumpsit action." The defendant accepted service of the complaint on April 10, 1981, subsequently filed an answer thereto, and on May 4, 1981, filed the petition to remove the action to this court. Plaintiff then moved to remand on the ground that the petition for removal was not timely filed.

## DISCUSSION

The time limit for removal of civil cases to federal district court is found in 28 U.S.C. § 1446(b) which provides in part:

The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .

■ The thirty-day period is mandatory and cannot be extended by consent of the parties or by order of court. *Crompton v. Park Ward Motors, Inc.*, 477 F.Supp. 699, 701 (E.D.Pa.1979); *Typh, Inc. v. Typhoon Fence of Pennsylvania, Inc.*, 461 F.Supp. 994, 996 (E.D.Pa.1978). The purpose of § 1446(b) is to "provide a uniform and definite time for the defendant to remove the action," *Haun v. Retail Credit Co.*, 420 F.Supp. 859, 863 (W.D.Pa.1976), and the statute is to be strictly construed against removal and in favor of remand. *Crompton*, 477 F.Supp. at 702 n.3.

The plaintiff argues that the initial pleading in the action was the petition for the rule to show cause and that the receipt of that petition by the defendant commenced the running of the thirty-day period for removal. Under plaintiff's theory, the defendant's removal petition, dated May 4, 1981, was tardy, since the thirty-day period would have expired on April 4, 1981—thirty days after the defendant received the petition for a rule to show cause.

The defendant contends that the service of the original petition was defective and that the thirty-day time limit for removal did not commence until defendant was properly served with a complaint in assumpsit on April 10, 1981. Defendant also argues that the initial action based on the rule to show cause was dismissed when the court sustained the preliminary objections. Asserting that the redesignation of the petition as a complaint was for the convenience of the plaintiff, the defendant argues that after the ruling on the preliminary objections and before service of the complaint in assumpsit, there was no action to remove.

■ We believe that the defendant's challenge to the motion to remand based on the alleged insufficient service of process is without merit. Service of process under state law does not control for removal purposes. *Perimeter Lighting, Inc. v. Karlton*, 456 F.Supp. 355, 359 (N.D.Ga.1978). And the fact that service under state practice has not been perfected does not in and of itself prevent removal. *Id.* All that is required is that the defendant receives, through service or otherwise, a copy of an "initial pleading" from which the defendant can ascertain that the case is one which is or has become removable. *International Equity Corp. v. Pepper & Tanner Inc.*, 323 F.Supp. 1107 (E.D.Pa.1971). Thus the variety of state practices are subordinated to a uniform rule of federal practice which provides that the time period for removability is controlled by receipt of the initial pleading. *Perimeter Lighting, Inc.*, 456 F.Supp. at 359. *See also* 1A *Moore's Federal Practice* ¶ 0.168[3.5], at 467 (2d ed. 1974).

In the present case, it is not disputed that the defendant received a copy of the rule-to-show-cause petition on March 4, 1981. Therefore, the time period for removal began to run on March 4, 1981, provided that the petition qualified as an "initial pleading" under the statute.

In considering the question of whether the petition qualified as an initial pleading, we note that under the Pennsylvania Rules, an action may be commenced only by filing (1) a praecipe for a writ of summons (2) a complaint, or (3) an agreement for an amicable action. Pa.R.Civ.P. 1007. In addi-

tion, the Pennsylvania Superior Court has recently held that an action for No-Fault benefits cannot be commenced by petition and must be commenced by a complaint in assumpsit. *Cohen v. Government Employees Ins. Co.*, 433 A.2d 86 (1981).

However, an action need not be formally *commenced* under state procedure to be removable. It is enough that an *initial pleading* in a civil action or proceeding has been received by the defendant. *International Equity Corp.*, 323 F.Supp. at 1110–1111. An initial pleading must include a statement of the case which will allow the defendant to examine the basis for the action. *Perimeter Lighting Inc.*, 456 F.Supp. at 358. To qualify as an initial pleading for removal purposes, the document received by the defendant must contain such notice of the state proceeding that the defendant can ascertain the removability of the action or proceeding. *International Equity Corp.*, 323 F.Supp. at 1109.

These requirements have been met in the instant action. The petition for the rule to show cause had all of the elements of a complaint. It provided notice of the nature of the claim, a notice to defend, identification of the parties to the dispute and the amount of damages sought. Upon receipt of that petition, the defendant was able intelligently to determine from the face thereof that the action was removable.

We are not persuaded by the defendant's contention that the action ceased to exist when the defendant's preliminary objections were sustained in the state court. An action is not automatically terminated when preliminary objections are sustained. See Pa.R.Civ.P. 1028. In fact, in the case at bar the objectionable pleading was not stricken or the action dismissed. Instead, the pleading was merely redesignated as a complaint to meet the state procedural requirements. The redesignation occurred without any change in the docket number or the text of the pleading, which remained identical in the redesignated complaint. Although the plaintiff was required to refile and serve the complaint, there is absolutely nothing to suggest that the state court terminated the original claim, and we conclude that the proceeding has continued as one action from the original filing by the plaintiff and receipt by the defendant of the petition until the present.

## CONCLUSION

For the foregoing reasons, we find that the defendant received the initial pleading in this case on March 4, 1981, and that consequently the removal petition filed by the defendant on May 4, 1981, was tardy.

An appropriate order will be entered remanding this action to the Court of Common Pleas of Allegheny County, Pennsylvania.