**Gloria E. KIRBY, as Personal Representative of the Estate of Roy Alan Kirby, Sr., deceased, Plaintiff,**

v.

**OMI CORP., a foreign corporation, Defendant.**

**No. 86–608–Civ–J–12.**

United States District Court, M.D. Florida, Jacksonville Division.

Feb. 25, 1987.

C. Rufus Pennington, III, Jacksonville, Fla., for plaintiff.

J. Carol McDonald, Jacksonville, Fla., for defendant.

**ORDER**

MELTON, District Judge.

Plaintiff Gloria E. Kirby, as representative of the estate of Roy Alan Kirby, initiated this wrongful death action in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida. In her complaint, she alleges that Roy Alan Kirby's fatal injuries were caused by defendant's negligence and the unseaworthiness of OMI WABASH, a commercial vessel owned and operated by defendant. The matter of controversy exceeds the value of $10,000, exclusive of interests and costs, and is between citizens of different states. Defendant filed a petition for removal on October 20, 1986. This cause is now before the Court on plaintiff's Motion to Remand, filed herein on October 28, 1986. Defendant filed a response in opposition to said

motion on November 5, 1986. Having considered the memoranda of counsel and the law pertinent hereto, the Court will remand this action for the reasons stated below.

In support of her motion to remand, plaintiff contends that defendant untimely filed its petition for removal. The removal statute, 28 U.S.C. § 1446 (1982), requires in relevant part that a defendant seeking to remove a case to federal court file its petition within thirty (30) days of the receipt of the initial pleading. Specifically, the statute provides:

> The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, *through service or otherwise,* of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b) (emphasis added).

It is plaintiff's position that the thirty-day removal period was triggered on September 15, 1986, when defendant received substituted service of process pursuant to Fla.Stat. §§ 48.161, 48.181 (1985). Plaintiff argues that such service comes within the meaning of the "service or otherwise" language of 28 U.S.C. § 1446(b). Therefore, according to plaintiff, the October 25, 1986, petition for removal was not filed within the statutory timeframe.

Defendant counters that, although it was constructively served a copy of the complaint on September 15, 1986, the service was technically invalid under Florida law. Consequently, asserts defendant, the thirty-day period did not begin to run until its president was personally served with process on October 17, 1986; thus, its October 25, 1986, petition was filed well within the thirty-day window. In essence, defendant argues that under 28 U.S.C. § 1446(b), the thirty-day time period commences only upon *proper* service, notwithstanding the "service or otherwise" language.

When the propriety of a party's removal is challenged, the burden is on the removing party to show that the removal was proper. *Miller v. Staufer Chemical Co.,* 527 F.Supp. 775, 777 (D.Kan.1981). It is axiomatic that a party seeking to remove a case must comply strictly with the statutory procedure for removal. *Winters Government Securities v. NAFI Employees Credit Union,* 449 F.Supp. 239, 241 (S.D.Fla.1978). The thirty-day removal period is mandatory, absent a waiver by the party seeking remand. *Dow Corning Corp. v. Schpak,* 65 F.R.D. 72, 74 (N.D.Ill. 1974).

The case law is in conflict over the question of when the thirty-day removal period begins to run. At the center of the controversy is the "service or otherwise" language. One line of cases interprets that language to mean that receipt of the initial pleading alone causes the thirty-day period to begin. *Tyler v. Prudential Insurance Co. of America,* 524 F.Supp. 1211, 1213 (W.D.Pa.1981); *see also International Equity Corp. v. Pepper & Tanner Inc.,* 323 F.Supp. 1107 (E.D.Pa.1971). The other line of cases views the language as requiring proper service of process and receipt of the initial pleading to trigger the removal period. *Love v. State Farm Insurance Co.,* 542 F.Supp. 65 (N.D.Ga.1982); *see also Thomason v. Republic Insurance Co.,* 630 F.Supp. 331 (E.D.Cal.1986). A brief review of the factual underpinnings of the two leading cases on this issue, *Tyler v. Prudential Insurance Co. of America* and *Love v. State Farm Insurance Co.,* reveals that those cases and the instant action differ slightly. The rationales espoused in those cases, however, offer guidance as to the proper resolution of the narrow issue presented in this case, namely, whether service of process which is technically flawed under state law triggers the thirty-day removal period set forth in 28 U.S.C. § 1446(b).

In *Tyler,* plaintiff mailed a copy of his petition to defendant, who received it on March 4, 1981. Proper service of process was not perfected until April 10, 1981. Defendant removed the case on May 4, 1981. The district court granted plaintiff's motion

to remand, holding that receipt of a copy of the initial pleading triggered the removal period. *Tyler*, 524 F.Supp. at 213. The court stated that a document qualifies as an initial pleading for removal purposes if it "contains such notice of the state proceeding that the defendant can ascertain the removability of the action or proceeding." *Id.* at 214. The initial pleading under scrutiny in *Tyler* was a petition for a rule to show cause. It contained notice of the nature of the claim, identification of the parties, a notice to defend, and the amount of damages sought. Commenting on the petition, the court said, "Upon receipt of that petition, the defendant was able intelligently to determine from the face thereof that the action was removable." *Id.*

In *Love*, plaintiffs filed their complaint in state court on March 19, 1982. Their attorney, on that same day, sent a letter to defendant and enclosed a copy of the complaint. In the letter, he stated that the complaint had been filed but would not be served, because he hoped the parties could reach an out-of-court settlement. The record is not clear as to when proper service was effected. In any event, defendant answered the complaint on May 14, 1982 and filed a petition for removal on May 17, 1982. Upon plaintiff's motion to remand, the court ruled that the removal period commenced upon proper service of process and receipt of the initial pleading. In so doing, it found the petition for removal had been filed timely. *Love*, 542 F.Supp. 66–68. The court based its holding on the legislative history of the 1948 and 1949 amendments to section 1446(b), stating that the "service or otherwise" language was intended to expand the removal period in states which allowed a plaintiff to initiate suit simply by serving defendant with a summons but without serving or filing a complaint.

Prior to 1949, the year in which 28 U.S.C. § 1446(b) was amended to include the "or otherwise" language, the statute stated that an action was to be removed "within 20 days after the commencement of the action or service of process, whichever is later." 62 Stat. 939 (1948). This language was interpreted to require proper service to trigger the time period for removal. *Love*, 542 F.Supp. at 68. In some states, however, a plaintiff could commence an action without filing a complaint; thus, the time for removal could run before the defendant received a copy of the complaint. *Id.* The court in *Love* found that Congress amended § 1446(b) to allow removal "within 30 days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading" in order to expand removal in those states where plaintiff can file suit without service of a copy of the complaint on defendant. Those courts following the *Love* court's reasoning do not interpret the "or otherwise" language as altering the pre–1949 case law which required proper service for the commencement of the removal period.

According to the court in *Love*, the "service or otherwise" language "was not intended to diminish the right to removal, by permitting a plaintiff to circumvent the already existing requirement of personal service through informal service." *Id.* at 68. In a footnote, the court stated that a defendant could remove a case prior to being properly served. But, "[t]he filing of the removal petition constitutes an *implied acceptance of service* ... and triggers the removal." *Id.* at 68 n. 8 (emphasis added).

The practical application of the *Love* court's proposition suggests that a removing defendant would always be precluded from attacking the validity of service in the court to which he removes. A defendant contemplating removal, but desiring to challenge the validity of service of process, would face the dilemma of having to go to the very court he seeks to avoid for a ruling, or having to impliedly accept service upon filing his removal petition. Moreover, if a defendant were to decide to attack service in state court and if the service were subsequently found to be proper, the thirty days would be deemed to have commenced on the date of proper service. *See Gale v. Smock*, 64 F.R.D. 330, 331 (S.D.Iowa 1974) (finding that the thirty-day removal period is not tolled by defendant's special appearance in state court to challenge jurisdiction). In the event more than thirty

days were to pass prior to the state court's decision, defendant would be precluded from removing his case to federal court. This Court finds such a scenario in direct conflict with the underlying policy of removal.

There was no mechanism for removing a case from one court to another at common law. Removal jurisdiction had its origin in the Judiciary Act of 1789. The objective of Congress in providing for a procedure to remove a case was to allow nonresident parties to avoid possible injustices which might flow from local prejudices of state courts.[1] *City of Detroit v. Detroit City Ry. Co.*, 54 F. 1, 7 (C.C.E.D.Mich.1893); 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3721, at p. 187. Logically, then, a removing party would want the federal court to which he removes, rather than a state court, to hear his case in its entirety. This would include of course a motion attacking plaintiff's attempt to perfect service of process. Accordingly, this Court finds the reasoning of the *Love* opinion contrary to the policies underlying the removal process.

▇ Significantly, in both *Tyler* and *Love,* plaintiffs informally sent copies of the respective complaints to defendants. In fact, as noted above, plaintiffs' attorney in *Love* stated that plaintiffs did not plan to effectuate service of process pending the outcome of settlement negotiations. *Love,* 542 F.Supp. at 66. A review of the chronological progression in the instant case indicates that the complaint was served upon defendant by certified United States Mail, return receipt requested, on September 15, 1986. *See* Plaintiff's Attorney's Affidavit of Compliance with Sections 48.161 and 48.-181, Florida Statutes and exhibits attached thereto. Plaintiff's attempted effectuation of. substituted service of process was technically flawed, however, in that she failed to file a return receipt and affidavit of compliance by the return day of process as required by Florida law. *See* Fla.Stat. § 48.161 (1985). Defendant does not dis-

pute that it received the summons and a copy of the complaint by mail on September 15, 1986.

It is this Court's position that "[t]echnicalities of state law as to the completion of service of process [should be] ignored, just as state law generally is disregarded, when removal is considered." C. Wright, A. Miller & E. Cooper, *supra,* § 3732, at p. 516; *see Nissan Motor Corp. v. Puerto Rico Marine Management, Inc.,* No. 85–49–Civ-J–16 (M.D.Fla. Apr. 19, 1985) (order granting motion to remand). Plaintiff's substantial compliance with the substituted service of process provisions can hardly be viewed in the same light as the informal receipt of a copy of a complaint. In fact, a determination of the validity of service of process cannot be made unilaterally by defendant but must be considered upon proper motion by either the appropriate state court or the federal court. The date of service of the summons and a copy of the complaint upon defendant, although later found to be technically flawed, controls the commencement of the thirty-day removal period set forth in 28 U.S.C. § 1446(b). The Court finds that upon receipt of the complaint on September 15, 1986, defendant "was able intelligently to determine" that the cause was removable. *Tyler,* 524 F.Supp. at 213. Consequently, defendant's removal petition filed on October 20, 1986, was untimely. This cause, therefore, will be remanded to state court. The Court is of the opinion that this holding is consistent with the law as it has developed in regard to removal and with the basic policies underlying the removal procedure.

For the reasons set forth above, it is

ORDERED AND ADJUDGED:

1. That plaintiff's Motion to Remand, filed herein on October 28, 1986, is hereby granted;

2. That this action is hereby remanded to the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida; and

---

1. For a discussion of local bias against out-of-staters in the context of an analysis of diversity jurisdiction, see Moore & Wicker, *Federal Juris-* *diction: A Proposal to Simplify the System to Meet the Needs of a Complex Society,* 1 Fla.St.U. L.Rev. 1, 17–24 (1973).

3. That the Clerk of the Court is hereby directed to mail a copy of this order forthwith to the Clerk of the Court of the Circuit, Fourth Judicial Circuit, in and for Duval County, Florida.