Janice A. CLARSON, as Personal Representative of the Estate of Richard P. Clarson, and Janice A. Clarson, individually, Plaintiffs,

v.

SOUTHERN GENERAL LIFE INSURANCE COMPANY, an insurance corporation, Defendant.

No. 87–456–Civ–J–12.

United States District Court,
M.D. Florida,
Jacksonville Division.

Sept. 18, 1987.

Paul S. Boone, Jacksonville, Fla., for plaintiffs.

Dennis R. Schutt, and Frank H. Cole, Jr., Jacksonville, Fla., for defendant.

## ORDER GRANTING MOTION FOR REMAND

MELTON, District Judge.

This cause is before the Court on plaintiffs' Motion for Remand. The instant case originated in the Circuit Court of the Fourth Judicial District, in and for Duval County, Florida. Defendant petitioned for removal on June 10, 1987. Plaintiffs opposed that petition with the present motion, filed July 22, 1987. Defendant responded on August 12, 1987.

The action removed from state court sought relief on three counts, all framed in state common law or state statutory terms. Plaintiffs' well-pleaded complaint alleged

no federal questions. Defendant alleges federal jurisdiction based on the preemption of plaintiffs' claims by the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001 *et seq.* The parties do not have diversity of citizenship.

Prior to removal, this case had progressed through state court for over one year. Defendant justifies removal in June of this year on the ground that plaintiffs' Second Amended Complaint, filed May 14, 1987, so changed the nature of the action that in effect it constituted a new initial pleading. In the alternative, defendant labels plaintiffs' Second Amended Complaint as the first pleading filed after the April 6, 1987 Supreme Court decisions, *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), and *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), clarified the law of preemption under ERISA and the doctrine of removal for ERISA preemption cases. Defendant's arguments are unavailing.

■ The Court has examined the table constructed by defendant to highlight the differences in the First and Second Amended Complaints. The substitution of plaintiff, necessitated by the original plaintiff's death, does not go to the ground for removal, nor does it cause this action to become a new suit. The additional causes of action include failure to provide conversion privilege and failure to pay life insurance benefits, but once more these grounds are not the exclusive grounds for removal, so for the purpose of removal the Second Amended Complaint preserved the essential nature of the suit. *See Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 966 (7th Cir.) (effect of amendments to suit should be measured against purpose of removal statute), *cert. denied*, 459 U.S. 831, 103 S.Ct. 70, 74 L.Ed. 2d 70 (1982); *Adams v. Western Steel Buildings, Inc.*, 296 F.Supp. 759, 761–62 (D.Colo.1969) (amendment of claim generally does not revive right to remove). The Second Amended Complaint is not sufficiently different from the First Amended Complaint that continued litigation in state court would be unjust to defendant, given defendant's voluntary submission to state court jurisdiction on the First Amended Complaint.

This disposition leaves the issue of belated removal under 28 U.S.C. § 1446(b). This Court has addressed the issue of belated removal on several occasions. *See, e.g., Kirby v. OMI Corp.*, 655 F.Supp. 219 (M.D.Fla.1987); *Lee v. Altamil Corp.*, 457 F.Supp. 979 (M.D.Fla.1978). The removing party bears the burden of showing that removal was proper. *Kirby*, 655 F.Supp. at 220. The thirty-day removal period set forth in § 1446(b) commences when the defendant can intelligently determine that the cause was removable. *Id.* at 222 (removal period commenced by technically invalid service of process); *Lee*, 457 F.Supp. at 981 (removal period commenced when defendant was adequately placed on notice that amount in controversy exceeded jurisdictional minimum).

■ Defendant's own arguments admit that the issue of ERISA preemption has been present in the suit from its inception. Defendant claims that *all* of the plaintiffs' causes of action are preempted, thus conceding that the amendments to the Complaint in May 1987 did not create the opportunity for removal. Defendant had before it the papers necessary to intelligently determine that the cause was removable prior to the filing of the Second Amended Complaint.

■ Defendant appears to propose that removal was not possible until the Supreme Court ruled in *Pilot Life* and *Taylor*. The Court cannot accept this reasoning. First, the Supreme Court expressly rejected the argument that removal jurisdiction exists only when the complaint states a claim that is "obviously" preempted by federal law. *Taylor*, 107 S.Ct. at 1548; *id.* (Brennan, J., concurring). Second, the state of the law prior to *Taylor* left open the question of removal in this jurisdiction, with nonbinding authority from other circuits providing support for both sides of the argument. *See id.* at 1545 n. 2 (listing split in authority). The

*Taylor* decision, therefore, did not create removability. Last, if the issuance of the *Taylor* decision governed the opportunity for removability, defendant failed to petition for removal within a timely period following the issuance of that decision.

This case has been improvidently removed. Defendant has failed to carry the burden of showing that removal was not available prior to the filing of the Second Amended Complaint. Accordingly, pursuant to 28 U.S.C. § 1447(c), it is

ORDERED:

1. That plaintiffs' Motion for Remand is hereby granted;

2. That this action is hereby remanded to the Circuit Court of the Fourth Judicial Circuit, in or for Duval County, Florida; and

3. That the Clerk of the Court is hereby directed to mail a certified copy of this order forthwith to the clerk of the state court.