**BECKLEY, SINGLETON, DeLANOY, JEMISON & LIST, CHARTERED, Plaintiff,**

v.

**Dr. Richard G. SPADEMAN, Defendant.**

**No. CV–N–88–253 BRT.**

United States District Court, D. Nevada.

Aug. 29, 1988.

---

Beckley, Singleton, DeLanoy, Jemison & List, Joseph J. Van Walraven, Reno, Nev., for plaintiff.

Carl M. Hebert, Reno, Nev., for defendant.

## ORDER REMANDING ACTION

BRUCE R. THOMPSON, District Judge.

Plaintiff moves to remand the instant action to the Second Judicial District of the State of Nevada, in and for the County of Washoe, on the basis of untimeliness under 28 U.S.C. § 1446(b).

The original complaint, filed in the Second Judicial District on January 20, 1988, seeks to recover fees for legal services performed for defendant Dr. Spademan. Plaintiff mailed a copy of the complaint and summons to defendant on January 21, 1988 to Sacramento, California. On the ground that service by mail was improper, defendant moved to quash plaintiff's service of process. The Nevada district court quashed service of process on March 7, 1988. Plaintiff then perfected service of process on April 14, 1988. Twenty-nine days later, defendant removed this action on the basis of diversity jurisdiction on May 13, 1988.

Plaintiff argues section 1446(b) requires remand for improper removal on the basis of untimeliness. In relevant part, section 1446(b) states: "The petition for removal ... shall be filed *within thirty days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based." Defendant's petition for removal is arguably untimely if the running of the thirty-day limitations period commences upon receipt by defendant of the January 21 mailing. Defendant does not deny receipt of the complaint, but he contends that it was not effective service.

The sole discussion of this issue at the court of appeals level is found in footnote 1 of a Ninth Circuit opinion, which states:

The timeliness of removal is not contested on appeal. The District Court held that the defendant could remove upon receipt of complaint 'by service or otherwise' according to the statute. Since Lucky Food Stores received a copy of the complaint through some means, it could seek removal. *See Love v. State Farm Mutual Auto Ins. Co.*, 542 F.Supp. 65, 67–68 (N.D.Ga.1982); *Tyler v. Prudential Insurance Co.*, 524 F.Supp. 1211, 1213 (W.D.Pa.1981).

*Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367, 1368–69 n. 1 (9th Cir.1984), *cert. denied*, 471 U.S. 1099, 105 S.Ct. 2319, 85 L.Ed.2d 839 (1985). The Court's research has discovered, and the parties have presented, no other discussion of the timeliness issue at the circuit level. The *Garibaldi* footnote provides no insights, because *Love* and *Tyler* opinions represent the opposing positions on the issue.

The district courts are divided on the issue when the thirty-day period for removal begins to run. Courts following *Love* are *Goodyear Tire & Rubber Co. v. Fuji Photo Film Co., Ltd.*, 645 F.Supp. 37 (S.D. Fla.1986); *Hunter v. American Express Travel Related Services*, 643 F.Supp. 168 (S.D.Miss.1986); and *Thomason v. Republic Insurance Co.*, 630 F.Supp. 331 (E.D. Cal.1986). Courts adopting the *Tyler* position are *Conticommodity Services, Inc. v. Perl.*, 663 F.Supp. 27 (N.D.Ill.1987); *Kirby v. Omi Corp.*, 655 F.Supp. 219 (M.D.Fla. 1987); *Jacobson v. Holiday Travel, Inc.*, 110 F.R.D. 424 (E.D.Wisc.1986).

The rationale of *Love, supra,* which requires proper service to commence the thirty-day period, is explained by an examination of the legislative history of section 1446(b) as follows:

The 'or otherwise' language was added to the statute in 1949. Before the relevant amendment, the statute read, 'with-

in 20 days after commencement of the action or service of process, whichever is later.' 62 Stat. 939 (1948). Pursuant to case law interpretation, the removal period could not begin until service of process was properly obtained. *Love,* 542 F.Supp. at 68. A problem arose in those states which allowed a plaintiff to commence a suit without filing a complaint. In such cases the removal period could expire before the defendant received a copy of the complaint. *Id.* Defendant would have to decide whether to petition for removal before knowing what the suit was all about. *Potter v. McCauley,* 186 F.Supp. 146, 148 (D.Md.1960).

Thus, Congress revised § 1446(b) to permit removal 'within 30 days after the receipt by defendant, through service or otherwise, of a copy of the initial pleadings.' *See* H.R.Rep. No. 352, 81st Cong. 1st Sess., reprinted in [1949] U.S.Code Cong.Serv. 1248, 1254, 1258. This change was intended to expand the removal period in states which allowed plaintiff to commence a suit without filing a complaint. *Love,* 542 F.Supp. at 68. Plaintiff is still required to properly serve defendant. *Id.* The 'or otherwise' language pertains only to those states where plaintiff can commence a suit without filing or serving initial pleading until sometime later. For those states, the removal period begins whenever defendant receives a copy of the initial pleading. 28 U.S.C. § 1446 note (West 1985) (1949 Act). The 'or otherwise' does not mean that receipt of the initial pleading without proper service will trigger the removal period.

*Thomason, supra,* 630 F.Supp. at 333–4. On the other hand, other courts have refused to read section 1446(b) as requiring proper service of process to commence the running of the time for removal, a viewpoint known as the *Tyler* position. The *Conticommodity Services* court articulates the *Tyler* position:

It is well-established that removal statutes are to be construed narrowly and against removal. *Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 109–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Illinois v.*

*Kerr–McGee Chemical Corp.,* 677 F.2d 571, 576 (7th Cir.1982). *See Tyler,* 524 F.Supp. at 1213. This principle—when considered in light of the straightforward, unambiguous language of the statute and the absence or ambivalence of any congressional intent on the issue—presents the second and stronger argument in support of the *Tyler* holding. It also persuades this court that the plain meaning of the statute should be accepted as its legal meaning. *Cf. Love,* 542 F.Supp. at 67 ('Plaintiffs' argument ... is based directly on the language of the second 1446(a) [sic]. On the surface, there is much to recommend this argument.') I hold, therefore, that receipt of an initial pleading by the defendant, irrespective of the technicalities of state service of process law, begins the thirty-day countdown during which a removal petition must be filed.

With this standard established, the motion before the court is easily decided. The defendant's affidavit states that he returned home on March 10, 1986, to find a complaint and attached summons under his apartment door. See Mem. in Support of Motion to Remand, Ex. A at ¶ 3. His motion to quash service in the state court, which was never ruled on, made the same claim. See id., Ex. B at ¶ 5. The plaintiff re-served Perl on January 6, 1987, and this petition to remove followed several weeks later.

From the prior discussion, the result here should be apparent. The removal petition was filed more than ten months after the defendant received notice of the action against him. Since there is no argument that this initial pleading insufficiently apprised Perl of facts which would enable him to make a knowing decision respecting removability, the motion to remand is granted.

*Conticommodity Services, Inc., supra* at 30–36. The *Tyler* position articulates the better view. Removal statutes should be construed narrowly. *See Shamrock Oil, supra.* The thirty-day limitation, while not jurisdictional, is strictly applied. *Hill v. Phillips, Barratt, Kaiser Engineering,*

Ltd., *586 F.Supp. 944 (D.Me.1984). The underlying rationale for the thirty-day period is to provide defendant ample time and notice to determine if a ground for removal exists.* See Concommodity, supra.

This kind of issue will arise more frequently since the adoption of the amendments to Rule 4(c) Fed.R.Civ.P. allowing attempted service of process by mailing followed by a written acknowledgement of service by the person served. Many states have adopted rules of civil procedure patterned after the federal rules and the amendments thereto. Nevada has done so, but has not, as yet, adopted the rule recognizing the foregoing alternative method of personal service. The record does not disclose what prompted the plaintiff to attempt service by mailing in this case, a method not authorized by any Nevada rule or statute.

In this case we do not reach the question of whether any informal receipt by a defendant of a copy of the initial pleadings is sufficient to start the thirty-day period for initiating removal. Here, as in *Conticommodity Services, Inc.,* there is on the record, because a motion to quash was filed, an express acknowledgement of the receipt by defendant of the initial pleading in January, 1988. There is no good reason why the time period for removal should not run from that receipt. If the action had been then removed, the federal court was competent to decide the motion to quash service. This action was removed improvidently.

Accordingly,

IT HEREBY IS ORDERED that the action entitled above is hereby remanded to the Second Judicial District Court of the State of Nevada, in and for the County of Washoe.