**Gary BELLOW**

v.

**UTICA NATIONAL INSURANCE CO.**

**Civ. No. 88–7896.**

United States District Court,
E.D. Pennsylvania.

Dec. 8, 1988.

Stuart D. Fiel, Philadelphia, Pa., for Gary Bellow.

John S. Tucci, Jr., Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, Pa., for Utica.

### MEMORANDUM/ORDER

LOUIS H. POLLAK, District Judge.

Defendant removed this insurance contract dispute from the Philadelphia County Court of Common Pleas. Plaintiff has now moved to remand the action to state court. He bases this motion solely on the fact that this matter commenced, not from the filing of a formal complaint, but only from a "Petition for appointment of arbitrator" pursuant to the state uniform arbitration act, 42 Pa.C.S.A. § 7301 *et seq.* Plaintiff, citing *Antonucci v. State Farm Mutual Automobile Insurance Co.*, Slip Op., No. 84–4111 (E.D.Pa. Nov. 1, 1984), claims that this petition is insufficient to create a removable "civil action brought in a State court" under 28 U.S.C. § 1441 governing removal of actions.

■ The federal removal statute does not require the filing of an actual complaint in state court, but only an "initial pleading"

sufficient to give notice of a state proceeding such that the defendant can ascertain the removability of the proceeding. *See Tyler v. Prudential Insurance Co.*, 524 F.Supp. 1211, 1214 (W.D.Pa.1981) (petition for rule to show cause in action under Pennsylvania no-fault law). Although *Antonucci* found arbitration petitions were insufficient to meet this standard, the Court of Appeals has since drawn the opposite conclusion.

In *Manze v. State Farm Insurance Co.*, 817 F.2d 1062 (3d Cir.1987), plaintiff had filed a similar petition for appointment of a neutral arbitrator of an insurance dispute under Pennsylvania law. The Court of Appeals regarded this "initial pleading" not only as sufficient to support defendant's subsequent removal to federal court, but also observed that the running of the thirty-day filing period for removal began with the filing of that petition. *Id.* at 1069. *See also* C. Wright, A. Miller & E. Cooper, 14A *Federal Practice and Procedure* § 3732, at 524 (noting that the initiation of a state court arbitration proceeding may meet "the requirement of a 'civil action brought in a State court'" for removal purposes).

Defendant's petition for removal properly alleges the elements of diversity jurisdiction, which plaintiff does not rebut. Therefore, it is hereby ORDERED and DIRECTED that plaintiff's motion for remand is DENIED.