**IMCO USA, INC., Plaintiff,**

v.

**TITLE INSURANCE COMPANY OF MINNESOTA, Defendant.**

**No. 89–968–CIV–J–16.**

United States District Court,
M.D. Florida,
Jacksonville Division.

Feb. 6, 1990.

Richard C. Peper, Jr., Jacksonville, Fla., for plaintiff.

George L. Hudspeth, Jacksonville, Fla., for defendant.

### ORDER

JOHN H. MOORE, II, District Judge.

The above-styled cause is before the Court on Plaintiff IMCO's Motion for Remand and for Attorney's Fees, filed herein on December 19, 1989. Defendant TITLE INSURANCE COMPANY OF MINNESOTA (TICM) responded to said motion on December 21, 1989. After due consideration of said motion and response thereto, the Court will remand this action to the Circuit Court of Duval County for the reasons stated below.

Plaintiff IMCO alleges that the defendant has failed to timely file its removal petition. The record indicates that the summons and complaint were served on the defendant through its assistant vice president on October 9, 1989.[1]

The instant action involves a claim for negligence against an insurance company. As such, there are certain state statutory provisions which govern how service of process is to be obtained.[2] Defendant as-

---

1. Plaintiff, in its Motion for Remand and for Attorney's Fees, states that Defendant received service of process on October 3, 1989. However, it was the office of the Hillsborough County Sheriff that received the "process" on October 3, while the defendant Corporation was served on October 9, 1989 through its Assistant Vice President, Kevin Thomas.

2. Florida Statute § 624.422 provides that:
 (1) Each licensed insurer, whether domestic, foreign, or alien, shall be deemed to have appointed the Insurance Commissioner and Treasurer and his successors in office as its attorney to receive service of all legal process issued against it in any civil action or proceeding in this state; and process so served shall be valid and binding upon the insurer. (2) Prior to its authorization to transact insurance in this state, each insurer shall file with the department designation of the name and address of the person to whom process against it served upon the Insurance Commis-

serts in its Response to Plaintiff's Motion for Remand that Plaintiff has failed to properly serve process upon Defendant vis-a-vis Florida Statute § 624.422 subsection 3. Although it is true that the Plaintiff has procedurally erred in this regard, "Technicalities of state law as to the completion of service of process [should be] ignored, just as state law generally is disregarded when removal is considered." *Kirby v. OMI Corp.*, 655 F.Supp. 219 (M.D.Fla.1987), *quoting* C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3732, at p. 516.

The federal removal statute provides in pertinent part that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

It is Plaintiff's contention that the thirty-day removal period was triggered on October 3, 1989,[3] when Defendant received service of process. The Court finds that the Defendant corporation was in possession "of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" on October 9, 1989, and as such had until November 9, 1989 to remove this case to federal court.

■ The Defendant's challenge to the motion to remand based on the Plaintiff's technical service error is without merit. Service of process under state law does not control for removal purposes. *See e.g. Perimeter Lighting, Inc. v. Karlton*, 456

F.Supp. 355 (N.D.Ga.1978). What is important is that the Defendant was on notice of the pending action through receipt of the "initial pleading." To qualify as an initial pleading for removal purposes, the document received by the Defendant must contain such notice of the state proceeding that the Defendant can ascertain the removability of the action or proceeding. *Tyler v. Prudential Ins. Co. of Am.*, 524 F.Supp. 1211 at 1214 (W.D.Pa.1981), *quoting International Equity Corp. v. Pepper and Tanner, Inc.*, 323 F.Supp. 1107 at 1109 (E.D.Pa.1971). The pleading included a statement of the case which allowed the Defendant to examine the basis for the action, *Perimeter Lighting, Inc.*, 456 F.Supp. at 358, and identified the parties to the dispute and the amount of damages that Plaintiff was seeking. *Tyler v. Prudential Ins. Co. of Am.*, 524 F.Supp. 1211 (W.D.Pa.1981).

■ State statutes governing service of process must, to avoid nationwide inconsistencies, be preempted by the federal statute and its 30–day provision for removability. In the instant case, it is clear that the Defendant received the "initial pleading" on October 9, 1989, yet failed to remove the action until December 8, 1989. The fact that the Plaintiff took remedial measures to comply with Florida Statute § 624.422 is of no consequence. Furthermore, Defendant's filing of a motion to quash in State court is indicative of the Defendant's desire to stay within the State forum. The Defendant could have attacked Plaintiff's attempt to perfect service in *this* Court from the onset. Instead, the Defendant waited to remove the case almost a complete month beyond the period in which removal was procedurally available. The Defendant's "legal maneuvering" first in State court and then in this Court was simply inadequate to effectuate a proper removal. Consequently, Defendant's removal peti-

---

sioner and Treasurer is to be forwarded. The insurer may change the designation at any time by a new filing.

(3) Service of process upon the Insurance Commissioner and Treasurer as the insurer's attorney pursuant to such an appointment shall be the sole method of service of process

upon an authorized domestic, foreign, or alien insurer in this state.

**3.** See, *supra,* footnote 2. The six-day difference between October 3 and October 9 is not factually dispositive for purposes of this Court's determination as to whether removal was "timely."

tion filed herein on December 8, 1989 was untimely. *Kirby v. OMI Corp.*, 655 F.Supp. 219 (M.D.Fla.1987).

 Finally, Plaintiff asks this Court to award attorney's fees and costs incurred in this removal action. Plaintiff is seeking such fees in accordance with 28 U.S.C. § 1447(c). That section provides that:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

The Court finds that the award of fees is completely discretionary by the plain meaning of the statutory language. To construe the statutory provision in any other manner would always result in the prevailing party who moved for remand being awarded fees and/or costs. Defendant, in its response, has assured the Court that its attempted removal of this cause was done in bona fide good faith. The Court agrees and, therefore, no attorney's fees or costs to the Plaintiff shall be awarded.

For the reasons set forth above, it is now

ORDERED AND ADJUDGED:

1. That Plaintiff's Motion for Remand and for Attorney's Fees, filed herein on December 19, 1989, be and the same is hereby GRANTED as to the portion of said motion seeking remand.

2. That this cause is hereby REMAND-ED to the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida.

3. Plaintiff's Motion for Attorney's Fees (requested in Plaintiff's Motion for Remand) filed herein on December 19, 1989, be and the same is hereby DENIED.

4. That the Clerk of the Court is hereby directed to mail a certified copy of this order forthwith to the Clerk of the State court.

DONE AND ORDERED.