**ALLIANCE FINANCIAL SERVICES,**
Plaintiff,

v.

**VILLA DEL REY–ROSWELL, LTD., a**
**New Mexico limited partnership,**
**Defendant.**

No. 94–C–1083W.

United States District Court,
D. Utah,
Central Division.

March 13, 1995.

Ralph D. Crockett, Salt Lake City, UT, for plaintiff.

David W. Scofield, Parsons, Davies, Kinghorn & Peters, Salt Lake City, UT, William G. Sheridan, Jr., Allen, Fellows, Livingston, Sheridan, Ryan, Odman & Ford, Portland, OR, for defendant.

Mary Anne Q. Wood, Kathryn O. Balmforth, Wood, Spendlove & Quinn, L.L.C., Salt Lake City, UT, Eugene H. Bramhall, David B. Thomas, Brigham Young University, Provo, UT, for intervenor.

## ORDER REMANDING CASE TO THIRD DISTRICT COURT STATE OF UTAH

WINDER, Chief Judge.

This matter is before the court on plaintiff Alliance Financial Services' ("Alliance") motion to remand this case to state court. Alliance relies on 28 U.S.C. § 1446(b), which states in pertinent part that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.... If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The precise requirements of this statute have been subject to two interpretations. One line of cases follows *Tyler v. Prudential Ins. Co. of America*, 524 F.Supp. 1211, 1213–14 (W.D.Pa.1981). These cases presume that the statute focuses on actual or constructive notice, via receipt of the complaint, of the jurisdictional bases for removal, rather than formal perfection of service of process. *Dawson v. Orkin Exterminating, Co.*, 736 F.Supp. 1049, 1053–54 (D.Colo.1990); *Conticommodity Servs., Inc. v. Perl*, 663 F.Supp. 27, 30 (N.D.Ill.1987). The second line of cases follows *Love v. State Farm Mutual Auto. Ins. Co.*, 542 F.Supp. 65 (N.D.Ga.1982), and asserts that effective service of process is an indispensable factor in the triggering of Section 1446's thirty day clock.

This court finds that actual or constructive receipt, as expounded in *Tyler* and *Dawson*, is the better rule.[1] As soon as the defendant has *first* been notified (via receipt of a copy of the complaint *or any later document*) of the elements pertaining to the jurisdictional posture of the case, the defendant may arrange for the transfer of an otherwise removable case to federal court. Removal, however, must be effected within thirty days of receiving the complaint providing adequate notice of available jurisdictional grounds. Alliance has presented a copy of the return of service dated September 20, 1994, and asserted that a copy of the complaint was delivered at that time. The defendant Villa Del Rey–Roswell ("Villa Del Rey") did not file its notice of removal until November 4, 1994.

Villa Del Rey argues that Alliance's delivery of the complaint on September 20, 1994, did not trigger Section 1446(b)'s thirty day clock because the Return of Service form identified the recipient as "Victor Lund, Owner of Wedgewood Retirement Inns," and

---

1. The lengthy debate over this issue has been amply illuminated in published case law and need not be reviewed in detail. The gist of the *Love* line of cases is that Congress, in amending the removal statute in 1949, intended to merely remedy a dilemma that had arisen in states where presentation of the complaint did not necessarily accompany service of process, but did not intend to thereby eliminate the requirement of perfected service of process. This view, however, cannot be reconciled with the language in the statute itself. It would have been a simple matter to reword Section 1446(b) as mandating "receipt by the defendant *of* service *and* a copy of the initial pleading." Yet, Congress did not do that. Rather, the "or otherwise" language in the text expressly contravenes the indispensability of service theory. For further exposition of the debate, and a defense of the *Tyler* line of cases, see *Dawson*, 736 F.Supp. at 1051–54; *Conticommodity Servs.*, 663 F.Supp. at 28–30.

the complaint itself identified Villa Del Rey as a limited liability company rather than a limited partnership. These arguments, however, do not relate to the essential purpose underlying the removal statute—which is notice. Although the Return of Service form named a business entity that is not a party to this lawsuit, Victor Lund's office received the complaint, not the form, so he could not have been misled or confused by any notations on the latter. The complaint itself correctly identified Villa Del Rey as the party defendant and was delivered to the office [2] of a person having significant, if not primary, involvement in the affairs of the defendant.[3]

As for the misidentification of the defendant as a limited liability company, Villa Del Rey argues that, because partnerships and corporations are treated differently for federal jurisdictional purposes, "the appropriateness of removal is not 'readily ascertainable from the face of the pleading.'" See Tech Hills II Assoc. v. Phoenix Home Life Mutual Ins. Co., 5 F.3d 963, 968 (6th Cir.1993). But this argument ignores the fact that Villa Del Rey, being aware of its own entity status, could not have been confused by the improper label. Because there is no L.L.C. bearing its name, Villa Del Rey knew, from the time it received the complaint, that the party Alliance intended to sue was the partnership. Hence, Villa Del Rey had all the information necessary to "ascertain[ ] that the case [was] one which [was] or ha[d] become removable." Therefore, upon the receipt of that information, and notwithstanding the various technical and insubstantial defects cited by Villa Del Rey, the clock for bringing notice of removal began running on September 20, 1994.

■ Alliance also requests attorney's fees to cover the cost of preparing its motion. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Thus, the granting of attorney's fees is discretionary, and in this case the court declines to make such an award.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED AS FOLLOWS:

1. Plaintiff Alliance Financial Services' Motion to Remand Case to Third District Court, State of Utah is granted.

2. Plaintiff Alliance Financial Services' Motion for Attorney's fees incurred in preparing its motion for remand is denied.

---

2. Villa Del Rey cites to Tech Hills II Assoc. v. Phoenix Home Life Mutual Ins. Co., 5 F.3d 963, 968 (6th Cir.1993), for the proposition that the delivery of the complaint, even under the Tyler–Dawson rule, was not effective to begin the thirty day clock. The Return of Service form states that "DROP SERVICE" was effected on "VICTOR LUND (who did not come out of his office to accept papers) in front of Administrative Secretary." In Tech Hills the complaint was mailed to the offices of a defendant and received by a security guard on a Saturday. 5 F.3d at 966. The Tech Hills court held that receipt did not occur until the following Monday when an officer of the corporation opened the mail. Id. at 968. Villa Del Rey neglects to mention when precisely Victor Lund received the complaint. One would normally expect an administrative secretary to rapidly bring notice of a lawsuit to the attention of his or her employer. Lacking any assertion to the contrary by Villa Del Rey, the most reasonable conclusion is that Lund received the complaint, if not immediately, within a day or two of its delivery to his office.

3. Villa Del Rey argues, also under Tech Hills, that Victor Lund is not qualified to receive notice on its behalf because he is only a limited partner. The general partner is identified as an entity named VLS & Associates, Inc. Villa Del Rey's brief does not disclose Lund's relationship—or absence thereof—with VLS. Alliance, however, presents evidence that Victor Lund is intimately connected to the operations of Villa Del Rey. Villa Del Rey is represented by two signatures on the contract constituting the substance of the present dispute. One of those signatures is Lund's. Consideration for the contract involved thousands of dollars, and the loan-brokering agreement to which it related involved a potential sum in the millions. It seems, therefore, quite reasonable to assume that anyone qualified to so bind the partnership must also be qualified to receive actual or constructive notice on its behalf under Section 1446. Given the fact that notice is the touchstone of timeliness for removal, Villa Del Rey cannot take refuge in the intricacies of interlocking business entities any more than in the technicalities surrounding service of process.