Donna DAVIS and Stanley Davis

v.

Eileen BAER and Rachel Benjamin, t/a
Secane Station Apartments.

Civ. A. No. 84–5396.

United States District Court,
E.D. Pennsylvania.

Dec. 17, 1984.

Michael Murphy, Luchsinger, Murphy &
Noel, P.C., Media, Pa., for plaintiffs.

Linda L. Shafer, Hunt & Fineman, P.C., Philadelphia, Pa., for defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

In this action the plaintiffs, Donna and Stanley Davis, claim injuries and damages arising from an accident in which Donna Davis allegedly suffered severe burns while she was cleaning the electric stove in her apartment. The complaint was filed in the Court of Common Pleas of Delaware County on February 15, 1984. The complaint alleges that the plaintiffs are residents of the Secane Station Apartments in Secane, Pennsylvania, and that the defendants, Eileen Baer and Rachel Benjamin, were at the time of the plaintiff's accident the owners and operators of the Secane Station Apartments. The complaint was filed against the defendants "trading as" Secane Station Apartments. The plaintiffs allege, *inter alia*, that the defendants were negligent in failing to provide a safe electric stove for the plaintiffs' apartment; in failing to adequately maintain and repair the stove; and in failing to warn the plaintiffs of the hazards of the stove. Plaintiff Donna Davis claims damages resulting from her injuries, and Stanley Davis, her husband, claims loss of consortium.

On November 5, 1984, the defendants removed the case to this Court, alleging federal jurisdiction pursuant to 28 U.S.C. § 1332 on the basis of diversity of citizenship of the parties. In their petition for removal the defendants alleged that the defendants are New Jersey citizens and are two partners of a thirty member New Jersey general partnership (none of whose members are Pennsylvania citizens) which owned and operated the Secane Station Apartments at the time of the plaintiff's accident.

The plaintiffs have filed a motion to remand this case to the Court of Common Pleas in accordance with 28 U.S.C. § 1447(c), alleging that the case was improvidently removed because the defendants failed to remove the case within thirty days following receipt of plaintiffs' complaint, as required by 28 U.S.C. § 1446(b). For the reasons that follow, this Court will grant the plaintiffs' motion and remand this case to the Court of Common Pleas of Delaware County.

Subsection (b) of 28 U.S.C. § 1446 states as follows:

The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

As noted above, the complaint was filed in the Court of Common Pleas on February 15, 1984. The record shows that on April 3, 1984, the plaintiffs filed a motion for alternative service in the state court pursuant to Pa.R.Civ.P. 2079(d), accompanied by an affidavit from plaintiffs' counsel setting forth his unsuccessful efforts to achieve personal service upon the defendants or to ascertain their whereabouts. It appears that at the time the plaintiffs attempted to serve the defendants at the Secane Station Apartment offices, the defendants no longer owned the apartment complex. The plaintiffs' motion for alternative service requested that service be made by certified mail upon the defendants' insurance carrier in lieu of service upon the defendants. On April 5, 1984, the Court of Common Pleas of Delaware County granted the plaintiffs' motion for alternative service and ordered

that service of the complaint be made by certified mail upon the defendants at their last known address, and by certified mail upon defendants' insurance carrier.

On May 2, 1984, the plaintiffs filed an affidavit of service with the Court of Common Pleas, asserting that service had been made by mail upon the defendants' insurance carrier and upon the defendants at the Secane Station Apartments address. On May 11, 1984, counsel (retained by defendants' carrier) filed Preliminary Objections on behalf of the defendants in the Court of Common Pleas, contending that the plaintiffs' motion for alternative service was improvidently granted and that the service of process was invalid. The Court of Common Pleas denied the defendants' Preliminary Objections in an order dated October 16, 1984. The defendants filed an answer to the complaint on November 5, 1984, and on the same date filed their petition for removal in this Court.

Clearly the petition for removal was not filed within thirty days after the defendants' insurance carrier received the plaintiffs' complaint in May of 1984. The defendants advance three contentions in support of their claim that the petition was timely filed. First, the defendants contend that the filing of Preliminary Objections in the state court tolled the thirty day period for removal. The defendants contend the thirty day period was tolled from May 11, 1984 (when the Objections were filed) until October 16, 1984 (when they were denied). Since nine days elapsed between service of the complaint and the filing of the Preliminary Objections, and twenty days elapsed between the denial of the Objections and the filing of the removal petition, the defendants contend that only twenty-nine "untolled" days elapsed between receipt of the complaint and the filing of the petition, and thus the removal petition was timely filed. However, the defendants' contention that the filing and pendency of the Preliminary Objections tolled the thirty day removal period is incorrect. It is well-settled that "[t]he time limitations in Section 1446 are mandatory and must be strictly con-

strued ... They will not be extended by continuances, demurrers, *motions to set aside service of process*, pleas in abatement, or court orders [filed in the state court] ..." 14 C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure*, § 3732, p. 729–30 & n. 34 (2d ed. 1976) (citing cases) (emphasis added). *See also* 1A J. Moore & B. Ringle, *Moore's Federal Practice*, ¶ 0.168 [3.–5–8], pp. 601–02 (2d ed. 1983); *Coco v. Altheimer*, 46 F.Supp. 321, 323 (W.D.La.1942). As Professor Moore has pointed out, "Valid service of process upon the defendant is not a prerequisite for removal, and the validity of service of process may be challenged after removal." 1A *Moore's Federal Practice*, *supra* at ¶ 0.168[3.–5–3], p. 581. Thus the defendants' filing of Preliminary Objections in the state court did not toll the thirty day period for removal set forth in § 1446(b).

The defendants next contend (though unsupported by affidavit) that although service was made upon defendants' insurance carrier, and counsel filed Preliminary Objections on behalf of the defendants in the state court, the defendants themselves were not personally in "receipt" of the initial pleading "through service or otherwise" pursuant to § 1446(b) until sometime after the state court's denial of the defendants' Preliminary Objections on October 16, 1984. However, it is clear that "notice of the lawsuit [may] be received by anyone authorized to accept process for the defendant", and that the time for seeking removal begins to run when the "defendant or his agent" receives the initial pleading. 14 *Federal Practice & Procedure*, *supra* at § 3732, pp. 722–23; 1A *Moore's Federal Practice*, *supra* at ¶ 0.168[3.–5–8], p. 584; *see Maglio v. F.W. Woolworth Co.*, 542 F.Supp. 39, 41 (E.D.Pa. 1982). Defendants' counsel is the same counsel who filed the Preliminary Objections on defendants' behalf in the state court on May 11, 1984 (just nine days after service of process was made upon defendants' carrier), and the defendants do not contend before this Court that their insur-

ance carrier was not authorized to accept service of process on their behalf.

█ Finally, the defendants contend that because the state court complaint did not allege all the parties' citizenship, the defendants did not receive adequate notice that the case was removable to the federal court on the basis of diversity of citizenship. This claim seems rather disingenuous, since the defendants were readily able to ascertain all parties' citizenship and file their petition for removal as soon as their Preliminary Objections were denied by the state court. Moreover, this Court recently has observed that "[t]he great majority of courts that have considered the matter have concluded that a failure of the plaintiff to allege a party's citizenship in the initial pleading does not prevent the thirty day removal period from commencing." *Stokes v. Victory Carriers, Inc., et al.*, 577 F.Supp. 9, 11 (E.D.Pa.1983). *See, e.g., Blow, et al. v. Liberty Travel*, 550 F.Supp. 375, 377 (E.D.Pa.1982); *DiMeglio v. Italia Crociere Internazionale*, 502 F.Supp. 316, 319 (S.D.N.Y.1980); *Kaneshiro v. North American Company for Life and Health Insurance*, 496 F.Supp. 452, 462 (D.Ha. 1980); *Nicholas v. Macneille*, 492 F.Supp. 1046, 1047 (D.S.C.C.D.1980); *Lee v. Volkswagon of America, Inc.*, 429 F.Supp. 5, 7 (W.D.Okl.1976); *Jong v. General Motors Corp., et al.*, 359 F.Supp. 223, 224–25 (N.D. Cal.1973). This Court noted in *Stokes* that "as a matter of general practice, state court plaintiffs do not routinely allege the citizenship of the parties in their complaints, and that where the initial pleading is 'indeterminate' as to the parties' citizenship, 'the burden is on the defendant seeking removal to scrutinize the case and remove it in a timely fashion.' " 577 F.Supp. at 11, quoting *Kaneshiro v. North American Company for Life and Health Insurance*, 496 F.Supp. at 455–56, 462.

█ It is well-settled that the removal statutes are to be construed strictly against removal and in favor of remand. *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Stokes*, 577 F.Supp. at 12. On

a motion to remand the burden is upon the defendant to establish that the case was properly removed to the federal court. *Jones v. General Tire & Rubber Co.*, 541 F.2d 660 (7th Cir.1976); *Blow, et al. v. Liberty Travel*, 550 F.Supp. at 375–76; 1A *Moore's Federal Practice, supra* at ¶ 0.168[4.–1], p. 647. For the reasons set forth above this Court has determined that this action was not removed within the thirty day period provided for in 28 U.S.C. § 1446(b). Accordingly, an order will be entered remanding this case to the Court of Common Pleas of Delaware County.