**Joel P. KERR, Plaintiff,**

v.

**HOLLAND AMERICA–LINE WESTOURS, INC., Defendant.**

**No. 91–CV–75450–DT.**

United States District Court, E.D. Michigan, S.D.

May 15, 1992.

Raymond J. Sterling, Troy, Mich., for plaintiff.

Lynn E. Deitch, Detroit, Mich., for defendant.

OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING THIS CASE TO WAYNE COUNTY CIRCUIT COURT

GERALD E. ROSEN, District Judge.

### I. INTRODUCTION

This breach of employment contract/discriminatory discharge action is presently

before the Court on Plaintiff Joel P. Kerr's Motion to Remand. Plaintiff argues that removal of this case to this Court was not timely within the thirty-day time limit of 28 U.S.C. § 1446(b), and hence contends that this action should be remanded to the Wayne County Circuit Court from which it was removed. Defendant maintains that the action was timely removed and has filed a Response in Opposition to the remand motion, to which Response Plaintiff has replied.

As indicated to counsel for the parties at the Scheduling Conference held in this case, the Court finds oral argument on the remand motion to be unnecessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), the Court will decide Plaintiff's Motion to Remand "on the briefs". This Opinion and Order sets forth the Court's ruling on this Motion.

## II. FACTS

Plaintiff Joel Kerr ("Kerr") filed this state law wrongful discharge breach of employment contract/discrimination action against Defendant Holland America Line–Westours, Inc. ("Holland") in the Wayne County Circuit Court on July 24, 1991. On July 30, 1991, Kerr's counsel sent Holland's President and Chief Operating Officer, A.K. Lanterman, a letter by certified mail which stated in pertinent part:

Dear Mr. Lanterman:

Joel P. Kerr retained this firm to represent him in connection with his illegal firing. *We have already filed a complaint against Holland America Line–Westours, Inc. based on age discrimina-*

*tion, sex discrimination, and wrongful discharge. We enclose a courtesy copy of the complaint for your review.*

Plaintiff's Motion Ex. A.

The letter then went on to elaborate upon the factual allegations set forth in Plaintiff's Complaint and closed with the following:

In spite of the foregoing treatment, Mr. Kerr continues to feel a sense of dedication to the company—which he loyally served for almost a decade—and desires that this matter be resolved, if possible, without conflict, acrimony, or publicity, especially in light of the fact that he likely will continue various business relationships with your company. Accordingly, he has authorized us to make one attempt to resolve this matter prior to pursuing the enclosed lawsuit.

\* \* \* \* \* \*

We thus invite you and/or your attorneys or other representatives to meet with us to resolve this matter in a manner which satisfies both of our interests. Please contact me to arrange a mutually satisfactory date, time, and place to meet. However, if we have not heard from you or your attorneys within a reasonable time, we will proceed with serving and then pursuing the enclosed lawsuit.

[*Id.*]

As indicated in the above-quoted excerpts of the letter from Plaintiff's counsel to Mr. Lanterman, a "courtesy copy" of the Complaint which was filed in Wayne County Circuit Court on July 24th was sent to Mr. Lanterman along with the July 30th letter.[1]

---

1. The Court takes notice of the fact that when a complaint is filed in Wayne County Circuit Court, the court clerk affixes a "computer-generated" label to the face of the complaint indicating the date of filing, the assigned Wayne County Circuit Court case number, the name of the assigned Circuit Court judge and the name of the case as it will thereafter appear on the Court's docket records. If a jury is demanded and a jury fee paid, the court clerk also stamps "Jury Fee Paid" and the date of payment. The clerk also prepares and issues a Summons for each defendant named in the complaint on the date that the complaint is filed.

The Court notes that the copy of the Complaint attached to Defendant's Notice of Remov-

al bears the Wayne County court's computer-generated labeling:

91–119347 CZ 7/24/91
 JDG: WILLIAM LEO CAHALAN
 KERR JOEL P
 VS
HOLLAND AMERICA LINE WEST

Also stamped on the face of the Complaint is the following:

JURY FEE PAID
THIS DATE. JUL 24 1991
BY: _____/s/_____

The Court further notes that the copy of the Summons which was also attached to Defen-

The signed certified mail receipt for the July 30th letter indicates that Lanterman received this letter on August 2, 1991. [See Plaintiff's Motion Ex. A.]

On August 30, 1991, Lanterman sent Plaintiff's attorney a three-page letter responding to his July 30th correspondence. In that August 30, 1991 letter, Mr. Lanterman stated that he had reviewed the July 30th letter and Plaintiff's complaint and had also reviewed Plaintiff's personnel file, and explained:

> Holland America Line–Westours, Inc. is not a litigious company. We do not litigate for the sake of litigating. I also, however, will not settle cases which lack merit. In those situations, I am prepared to commit the Company's resources to defending Holland America.

[Plaintiff's Reply Brief Ex. A.]

Lanterman then went on and set forth Holland's reasons for believing that Plaintiff's complaint of wrongful discharge and discrimination was without merit. Lanterman concluded his August 30th response letter with the following:

> In summary, there was no discrimination nor was there any wrongful discharge.... **JUST SO THERE ARE NO MISCONCEPTIONS, PLEASE BE VERY CLEAR ON THE FACT THAT THIS LAWSUIT WILL NOT BE SETTLED NOW OR AT ANYTIME IN THE FUTURE.**

*Id.* (Emphasis in original.)

On September 23, 1991, Holland America was formally served with both a Summons (which was issued by the Wayne County Circuit Court on July 24, 1991, the date on which Plaintiff's Complaint was filed) and the Complaint in this action. On October 21, 1991, Holland removed Plaintiff's case to this Court.

Kerr filed the instant Motion to Remand on November 20, 1991. Kerr argues that

dant's Notice of Removal indicates that it was issued on July 24, 1991.

Defendant concedes that Plaintiff's Complaint was filed on July 24, 1991, the date indicated by the Wayne County case label and "Jury Fee Paid" stamp on the Complaint, and as further indicated by the date of issuance of the Summons directed to Defendant Holland America.

Holland's receipt of the courtesy copy of the Complaint on August 2, 1991, and not the subsequent formal service of the Summons and Complaint on September 23rd, triggered the commencement of the thirty-day period for removal under 28 U.S.C. § 1446(b). Because Defendant filed its Notice of Removal in this case on October 21, 1991—i.e., 80 days after Holland's corporate president's receipt of the courtesy copy of the Complaint—Holland's removal was untimely.

Defendant counters that the 30–day period for removal is not commenced until a defendant has been formally served, and since it removed this case within thirty days of service on October 21, 1991, its removal was timely.

## III. DISCUSSION

██ As a general principle, the removal statutes are to be construed narrowly. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Further, "[t]he party seeking removal bears the burden of establishing its right thereto." *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 339 (6th Cir.1989).

28 U.S.C. § 1446(b) sets forth the time requirements for removal of cases to federal district courts. It provides, in pertinent part:

> The notice of removal of a civil action or proceeding *shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading* setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not re-

Since the Complaint was filed a week before Plaintiff's counsel's July 30th letter to Defendant's company president, and since Defendant has not asserted otherwise, the Court assumes that the copy of the Complaint sent to Mr. Lanterman with the July 30, 1991 letter was an "as filed" copy of the July 24th Complaint.

quired to be served on the defendant, whichever period is shorter.

(Emphasis added.)

 Section 1446's time requirement for timely filing a notice of removal "is not jurisdictional, but it is mandatory and must be strictly applied." *Shadley v. Miller*, 733 F.Supp. 54, 55 (E.D.Mich.1990); *Pillin's Place, Inc. v. Bank One, Akron, N.A.*, 771 F.Supp. 205, 206 (N.D.Ohio 1991); *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 273 (7th Cir.1982). Untimeliness is a ground for remand so long as the timeliness defect has not been waived. *Id.*[2]

██ Plaintiff Kerr maintains that the plain language of the statute requires that the thirty-day period begin to run upon the defendant's receipt of a copy of the complaint, regardless of whether the defendant has been formally served. Hence Kerr argues that in this case Holland's removal was untimely as it came 80 days after its receipt of the Complaint. Holland disputes this interpretation of § 1446(b), arguing that the thirty-day period does not commence until the defendant has received a copy of the Complaint *and* been properly served. Thus Holland believes its removal was timely as it came 28 days after it was formally served.

The issue presented by Kerr's Motion to Remand is one which has divided federal district courts for over thirty years,[3] and the positions taken by Holland and Kerr respectively reflect one of the two distinct lines of cases developed over the years.

Like Defendant Holland, several district courts—principally district courts in the Fifth and Eleventh circuits and in Puerto Rico, and some district courts in California—have followed the position articulated in *Love v. State Farm Mutual Auto. Ins. Co.*, 542 F.Supp. 65 (N.D.Ga.1982), that only perfected service of process, not receipt of a courtesy copy of an unserved complaint, triggers § 1446(b)'s thirty-day removal period. *See, Marion Corp. v. Lloyds Bank, PLC*, 738 F.Supp. 1377 (S.D.Ala.1990); *Bennett v. Allstate Ins. Co.*, 753 F.Supp. 299 (N.D.Cal.1990); *Goodyear Tire and Rubber Co. v. Fuji Photo Film Co.*, 645 F.Supp. 37 (S.D.Fla.1986); *Hunter v. American Express Travel Related Services*, 643 F.Supp. 168 (S.D.Miss. 1986); *Thomason v. Republic Ins. Co.*, 630 F.Supp. 331 (E.D.Cal.1986); *Gibbs v. Paley*, 354 F.Supp. 270 (D.P.R.1973). These cases hold that the thirty-day removal period is not commenced until the defendant has been properly served pursuant to state law *and* has received a copy of the complaint "through service or otherwise".

Courts which have adopted the "perfected process" rule have premised their determinations on the legislative history of the 1949 amendment of § 1446(b), which added the "service or otherwise" language to the statute.

The *Love* court explained the legislative history of the 1949 amendment as follows:

In 1948, in an attempt to make the removal procedure more uniform, Congress revised section 1446(b) to provide that the removal petition be filed in federal court "within twenty days after commencement of the action or service of process, whichever is later." 62 Stat. 939 (1948). Under this formulation, of course, the removal period could not begin until service of process had been obtained. A problem arose, however, in those states such as New York which

---

**2.** The Court notes that Plaintiff's Motion to Remand was timely filed in accordance with the requisites of 28 U.S.C. § 1447(c), which requires that any motion to remand on the basis of a defect in the removal procedure "must be made within 30 days after the filing of the notice of removal." As indicated above, Defendant's Notice of Removal was filed on October 21, 1991 and Plaintiff filed his Motion to Remand on November 20th—i.e., within 30 days after the filing of the notice of removal. Thus, there has been no waiver of the timeliness defect.

**3.** Appellate decisions on this issue are scarce. The Court's research of this issue only disclosed one Court of Appeals case, *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 273 (7th Cir.1982), in which this issue is discussed. This scarcity of appellate decisions is not surprising because an order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. 28 U.S.C. § 1447(d).

permitted a plaintiff to commence a suit without serving or filing a complaint, merely by serving the defendant with a summons. Under the 1948 version of section 1446(b), in such cases the removal period could expire before a defendant received a copy of the complaint, thus depriving him of an opportunity to remove the action. It was in response to this problem that Congress revised section 1446(b) to permit removal "within twenty [now thirty] days after the receipt by the defendant through service or otherwise, of a copy of the initial pleading." *See* H.R.Rep. No. 352, 81st Cong., 1st Sess., *reprinted in* [1949] U.S.Code Cong.Serv. 1254, 1268.

542 F.Supp. at 67–68.

The *Love* court went on to conclude from the foregoing legislative history,

Thus, the "through service or otherwise" language was intended to expand the removal period in states following the New York Rule. It was not intended to diminish the right to removal by permitting a plaintiff to circumvent the already existing requirement of personal service through informal service. The Court concludes that the removal period set forth in 28 U.S.C. § 1446(b) cannot commence until a plaintiff properly serves defendant with process.

*Id.* at 68.

Courts which have adopted the "perfected process" rule also whole-heartedly adopted, without independent analysis, the *Love* court's construction of the legislative history of the 1949 amendment to § 1446(b).

As indicated above, however, not all courts that have been called upon to decide the "receipt" vs. "perfected process" issue agree with the *Love* position and have taken a diametrically opposite view of the issue.

The opposing line of cases—led by *Tyler v. Prudential Insurance Co.*, 524 F.Supp. 1211 (W.D.Pa.1981)—hold that formal service is not required to start the removal period; if after a complaint is filed in state court the defendant receives a copy of the complaint from which removability of the action can be ascertained, § 1446(b)'s thirty-day period commences with the date of receipt, even if that receipt occurs before formal and proper service of process is effectuated. Courts in the Third, Fourth, Sixth, Seventh, Eighth, Ninth and Tenth Circuits, and district courts in Florida have adopted this "receipt" rule. *See, Pillin's Place, Inc. v. Bank One, Akron, N.A.*, 771 F.Supp. 205 (N.D.Ohio 1991); *Silverwood Estates Development Limited Partnership v. Adcock*, 793 F.Supp. 226 (N.D.Cal. 1991); *Lindley v. DePriest*, 755 F.Supp. 1020 (S.D.Fla.1991); *Schwartz Bros, Inc., v. Striped Horse Records*, 745 F.Supp. 338 (D.Md.1990); *Dawson v. Orkin Exterminating Co.*, 736 F.Supp. 1049 (D.Colo.1990); *Imco USA, Inc. v. Title Ins. Co. of Minnesota*, 729 F.Supp. 1322 (M.D.Fla.1990); *Harding v. Allied Products Corp.*, 703 F.Supp. 51 (W.D.Tenn.1989); *Pic–Mount Corp. v. Stoffel Seals Corp.*, 708 F.Supp. 1113 (D.Nev.1989); *North Jersey Savings and Loan Ass'n v. Fidelity Deposit Co.*, 125 F.R.D. 96 (D.N.J.1988); *Conticommodity Services, Inc. v. Perl*, 663 F.Supp. 27 (N.D.Ill.1987); *General Beverage Sales Co. v. Zonin S.P.A.*, 589 F.Supp. 846 (W.D.Wis. 1984); *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270 (7th Cir. 1982); *Maglio v. F.W. Woolworth Co.*, 542 F.Supp. 39 (E.D.Pa.1982).[4]

These "receipt rule" courts reject the legislative history analysis of *Love* and its progeny. As recently explained by the Dis-

---

**4.** It appears to the Court that the "receipt rule" represents a modern trend with respect to the thirty-day period of removal, and is fast becoming the "majority" rule. Moreover, even district courts in Maryland, California and Florida which earlier had adhered to the "perfected process" rule, in more recent cases have adopted the "receipt rule" approach. *Compare, e.g., Potter v. McCauley*, 186 F.Supp. 146 (D.Md. 1960) and *Moore v. Firedoor Corp.*, 250 F.Supp. 683 (D.Md.1966) with *Schwartz Bros. v. Striped Horse Records*, 745 F.Supp. 338 (D.Md.1990); *Goodyear Tire and Rubber Co. v. Fuji Photo Film Co.*, 645 F.Supp. 37 (S.D.Fla.1986) with *Lindley v. DePriest*, 755 F.Supp. 1020 (S.D.Fla.1991); and *Bennett v. Allstate Ins. Co.*, 753 F.Supp. 299 (N.D.Cal.1990) with *Silverwood Estates Development Limited Partnership v. Adcock*, 1991 U.S. Dist. LEXIS 5594 (N.D.Cal.1991).

trict Court for the Northern District of Ohio in *Pillin's Place, Inc. v. Bank One, Akron, N.A., supra:*

The Defendants correctly note that there is a split of authority on the proper interpretation of the words "receipt ... through service or otherwise...."

Courts adopting the "Proper Service Rule" look to the legislative history behind the 1949 amendment of § 1446(b) which added the "service or otherwise" language to the statute. In so doing, they construe the 1948 [sic] amendment solely as an attempt to alleviate confusion which had arisen in states in which an action could be commenced without service of the complaint. Accordingly, under the Proper Service Rule, the statutory period does not begin to run until the defendant has received a copy of the complaint by "service or otherwise", and has also been properly served with process pursuant to State law.

**The flaw in this line of reasoning is that it ignores the clear and unambiguous language of the statute. As the Supreme Court of the United States has frequently noted, "[i]nterpretation of a statute must begin with the statute's language."** *Mallard v. United States District Court for the Southern District of Iowa,* 490 U.S. 296, 300, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989). **"The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters.'"** *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989).

Although the legislative history relied upon by *Love* and its progeny clearly indicates one motivating factor in the decision to amend § 1446(b), it is silent on the issue of whether formal service is necessary to trigger the running of the removal period. Accordingly, many federal courts have adopted a "Receipt Rule", holding that service of process under state law is not necessary to trigger the removal period. *Tyler v. Prudential Ins. Co. of America,* 524 F.Supp.

1211 (W.D.Pa.1981). Courts employing the Receipt Rule have held that "the key to the time for removal is the date of actual or constructive receipt by the defendant of the initial pleading setting forth the removable claim." *Dawson v. Orkin Exterminating Co., Inc.,* 736 F.Supp. 1049, 1053 (D.Colo.1990) (citations and internal quotation marks omitted).

**The arguments supporting adoption of the Receipt Rule are highly compelling and ultimately persuasive. First, the Receipt Rule arises from a straightforward interpretation of the clear statutory language. Second, the legislative history does not lead to the conclusion that the Receipt Rule is "demonstrably at odds" with Congress' intent in amending § 1446(b).** *See, e.g., Conticommodity Services, Inc. v. Perl,* 663 F.Supp. 27, 30 (N.D.Ill.1987) (discussing the ambiguity of the 1949 legislative history and its various federal court interpretations). **And third, the Receipt Rule is most in keeping with the strict interpretation of the removal statute required by the Supreme Court and Sixth Circuit precedent. Accordingly, the court adopts the Receipt Rule as the proper guide for determining when the statutory period began to run.**

771 F.Supp. at 206–207 (emphasis added).

The District Court for the Western District of Tennessee also adopted the "receipt rule" in *Harding v. Allied Products Corp., supra.* In so doing, the *Harding* court also rejected the *Love* line of cases' reliance upon the legislative history of the 1949 amendment, explaining:

The arguments for the two positions [i.e., the *Love* "perfected process" vs. the *Tyler* "receipt" positions] and the reasoning of the courts are thoroughly discussed in the leading cases, and will not be rehashed here. This court will merely state that it finds the position taken by *Tyler* and the cases following it to be the more persuasive. *Love* and its progeny read too much into ambiguous legislative history, and ignore the plain language of the statute, which says that a case shall

be removed "within thirty days after the receipt by the defendant *through service or otherwise,* of a copy of the initial pleading...."

703 F.Supp. at 52 (emphasis in original).

This Court agrees with the analysis and reasoning of its colleagues in the Northern District of Ohio and the Western District of Tennessee and finds that the date of receipt by the defendant of the initial pleading providing defendant with sufficient notice of the claims against him—even if that receipt precedes formal service of process—triggers the running of the thirty-day removal period in § 1446(b).

In this Court's view, the receipt rule best represents the plain meaning of the statutory language, and as the *Pillin's Place* court observed, the Supreme Court has declared that, "[t]he plain meaning of legislation should be conclusive except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters.'" 771 F.Supp. at 207, *quoting, United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989).

The Court wishes to emphasize, however, that for a writing to be considered an "initial pleading" that will trigger the running of § 1446(b)'s thirty-day removal period, the pleading must be one from which the defendant is able to intelligently ascertain the removability of the action.[5] *See Ardison v. Villa,* 248 F.2d 226, 227 (10th Cir.1957). *See also, Tyler v.*

*Prudential Ins. Co., supra;* Wright, Miller, and Cooper, *Federal Practice and Procedure: Jurisdiction 2d,* § 3732 at 516–517 (2d ed. 1985). This definition of "initial pleading" is necessary "to ensure that [the] defendant will have adequate information on which to judge the availability and desirability of removal." *Id.* at 516.[6]

By application of the foregoing law to the facts of the instant case, it is clear that Plaintiff's Motion to Remand must be granted. On August 2, 1991, Defendant received a courtesy copy of the Complaint and a letter which stated that the Complaint had been filed in the Wayne County Circuit Court. The information contained in these writings clearly allowed Defendant to intelligently ascertain that removal was possible. Further, the Complaint itself clearly sets forth Plaintiff's claims against Defendant Holland. That Holland understood those claims is evidenced by its corporate president, A.K. Lanterman's August 30, 1991 letter to Plaintiff's counsel in which he explained Holland's reasons for believing that Plaintiff's claims were frivolous *and in which Lanterman explicitly and emphatically stated that Holland would not settle the case and would litigate the matter.*

Notwithstanding the fact that Defendant had full notice and knowledge of the claims against it and of the Complaint's removability, Defendant did not file its notice of removal in this Court until October 21, 1991—80 days after it had received a copy of the Complaint, and 52 days after its

---

**5.** This, of course, assumes that the copy of the "initial pleading" provided to the defendant has previously been properly filed in the state court. The Court emphasizes that the analysis adopted herein does not apply to "draft pleadings", "sample" courtesy pleadings, etc. which have not previously been filed with an appropriate state court before being proved to the defendant.

**6.** One concern that the Court had with respect to the "receipt rule" was that by requiring a defendant to remove a case within 30 days of receipt of a "courtesy copy" of an initial pleading before being properly served might be viewed as constituting a "waiver" of any argument of invalidity or insufficiency of process that defendant might want to raise to after he is served. However, as the cases on both sides of the "perfected process" and "receipt rule" issue

make clear, notwithstanding a determination that to protect a defendant's right to have an action proceed in federal, as opposed to state court, the defendant, if he receives a complaint before he is officially served with process, must remove within 30 days of that receipt, a plaintiff may not proceed with his suit until the defendant is properly served. And, at least one court has addressed this issue and has explicitly held that filing of a removal petition before being officially served does not constitute an "implied acceptance of process" so as to preclude the defendant from attacking the validity of service of process in the federal court after removal. *See, Kirby v. OMI Corp.,* 655 F.Supp. 219, 221–222 (M.D.Fla.1987). This Court agrees with that holding.

corporate president had reviewed the Complaint and had determined that Holland would litigate the matter. These facts lead this Court to conclude that the Defendant's removal in this case was untimely.[7]

## IV. CONCLUSION

For all of the foregoing reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion to Remand be, and hereby is, GRANTED. Accordingly,

IT IS FURTHER, ORDERED, ADJUDGED AND DECREED that this case be REMANDED to the Wayne County Circuit Court.[8]

---

**7.** The Court is further persuaded that the determination that Defendant's August 2, 1991 receipt of the courtesy copy of Plaintiff's complaint triggered the thirty-day period in this case is appropriate because the Court notes that although Plaintiff's sending the courtesy copy of the Complaint to Defendant's corporate president and CEO by certified mail was not "proper service of process" under the Michigan Court Rules, such mailing substantially conforms with the federal service of process rules for serving a corporation. See Fed.R.Civ. 4(c)(2)(C)(ii) and (d)(3).

**8.** The Plaintiff has also requested an award of his attorney fees incurred as a result of the improper removal of this case to federal court. The Court DENIES this request, as the Defendant's removal was in good faith and the issue presented in this case was one of first impression for this Court.