Gustavo **PONCE**, Plaintiff,

v.

**ALITALIA LINEE AIREE,**
**et al., Defendants.**

No. 93 C 7405.

United States District Court,
N.D. Illinois, E.D.

Jan. 3, 1994.

Rhonda L. Beesing, Chicago, IL, for plaintiff.

Cassiday, Schade & Gloor, Chicago, IL, for Alitalia.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

This Court's December 9, 1993 memorandum opinion and order (the "Opinion") was issued sua sponte, directing the litigants to address more fully a patent defect in the removal process (its apparent untimeliness)—something that Alitalia–Linee Aeree Italiane, S.p.A. ("Alitalia") had itself identified in its mistakenly labeled "Petition for Removal" ("Notice") that brought this action from the Circuit Court of Cook County to this District Court. Both sides have now responded—Alitalia with a "Memorandum To Show Cause for Alitalia's Previously–Filed Notice of Removal" and plaintiff Gustavo Ponce ("Ponce") with a "Petition for Remand."

Alitalia's Memorandum is really a nonresponse. As to the critical issue of timeliness it says only this:

> Although Alitalia was served in New York on October 15, 1993, it did not obtain local counsel until November 2, 1993. On November 4, 1993, local counsel reviewed the court file to determine whether Alitalia had been properly served. At that time, there was evidence in the court file that the plaintiff had unsuccessfully attempted to serve Scrima Guiletta but there was no paperwork evidencing service on Alitalia. There was still no evidence that Alitalia had been served several days later when local counsel again sent its clerks to verify service.

On November 23, 1993, local counsel called the plaintiff's attorney to determine whether Alitalia had been served. At that time, the plaintiff's attorney confirmed that Alitalia had been served and faxed the service documentation to local counsel's office. When local counsel received proof of service on November 23, 1993, it was already nine days after the thirty-day removal period provided by § 1446(b).

But that ignores the language of both (1) the 30–day removal provision (in 28 U.S.C. § 1446(b)[1]) and (2) the provision for the potential extension of that 30–day period (in Section 1441(d)). Here is the relevant language from the first of those statutes (emphasis added):

> The notice of removal of a civil action or proceeding shall be filed within thirty days *after the receipt by the defendant, through service or otherwise,* of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .

And here is the relevant part of the second (emphasis added):

> Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time *for cause shown.*

There is no question that Alitalia and its counsel had ample opportunity to remove the case, if they wished to, within 30 days after the removal clock began to tick. As the language of Section 1446(b) states literally, that starting date would have been October 15 whether or not Alitalia's receipt of Ponce's Complaint on that date qualified as proper service of process—see the extended discussion in *Kerr v. Holland America–Line Westours, Inc.,* 794 F.Supp. 207, 210–13 (E.D.Mich.1992) dealing with the statute and the extensive case law construing it. And though there has been some division of view on that score (*id.*), what has been said here not only represents the more modern trend but—most importantly for this Court—has been expressed by our own Court of Appeals (the only appellate court to have spoken to the subject) in *Northern Illinois Gas Co. v.*

---

1. All further references to Title 28's provisions will simply take the form "Section—."

*Airco Industrial Gases,* 676 F.2d 270, 273 (7th Cir.1982) (emphasis added):

> Removal must be effected within thirty days after a defendant receives a copy of the state court complaint, or is served, *whichever occurs first.*

Any other reading in this case, under which Alitalia could bootstrap itself into more time for removal by its own delay in retaining counsel and by its counsel's unhurried approach to ascertaining the facts,[2] would be totally unacceptable.

■ As for the second issue—Alitalia's need to show "cause" under Section 1441(d)—the Opinion accurately pointed out that the mere fact that a foreign state or its proxy is named as a defendant is not of itself "cause" for the time enlargement:

> Only a moment's thought should suffice to recognize the basic flaw in that approach. After all, by enacting Section 1608(d) Congress conferred an absolute *right* to a 60–day period for responsive pleadings on *every* foreign state in *every* lawsuit. If that right automatically carried with it an equivalent right to the foreign state's belated invocation of the right of removal, there would have been no occasion for Congress to include in Section 1441(d) *any* requirement for a "cause shown" in order to enlarge the universal 30–day removal period under Section 1446(b). Instead Congress could readily and simply have created an invariable 60–day removal period for foreign states.

Here Alitalia has really advanced nothing other than its legal status as a foreign sovereign, and its and its counsel's tardiness in acting, as the purported "cause shown"—and that is simply not enough.

This Court therefore concludes that Alitalia did not file a timely notice of removal. Because Ponce has not waived that delinquency but has instead moved to remand, Ponce's motion is granted. And because it is time that the parties got down to addressing the merits of their dispute, the Clerk of Court is directed to mail the certified copy of the remand order forthwith (see this District Court's General Rule 30(B)).

---

2. It goes without saying, of course, that whatever knowledge Alitalia itself had must be ascribed to its counsel. Plainly Alitalia's time for removal could not be extended by any lack of full communication between them.