Stacy SCHOLLENBERGER, Plaintiff,

v.

SEARS, ROEBUCK AND CO., Defendant.

Civ. A. No. 94–74125.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 16, 1995.

154

Charles C. DeWitt, Jr., DeWitt, Balke & Vincent, Detroit, MI, for Sears, Roebuck and Co.

Ronald S. Smith, Liss & Assoc., P.C., Bloomfield Hills, MI, for Schollenberger.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

GADOLA, District Judge.

■ This slip and fall case is presently before the court on plaintiff's motion to remand to Macomb County Circuit Court. Plaintiff argues that removal of this case to this court was not timely under 28 U.S.C. § 1446(b) and therefore this action should be remanded. Defendant argues that this action was timely removed and therefore should not be remanded.

### II. Facts

On August 2, 1992, Plaintiff Stacy Schollenberger was at the Sears, Roebuck and Co.'s ("Sears") Sterling Heights store when her wheelchair fell over and she struck her head. Barbara Newbery, a Sears employee in the Loss Prevention Department, filled out an Accident Report. The Loss Prevention Department forwarded the report to Sears' insurance carrier, Allstate Insurance Company ("Allstate"). Strong Aff., at para. 4.

On August 19, 1992, plaintiff's attorneys sent a letter to Sears' Sterling Heights store advising that plaintiff had retained them to represent her regarding injuries allegedly sustained as a result of her accident in the store and requesting that Sears send a copy of the letter to its insurance carrier. Defendant's Response Ex. 2.

Allstate negotiated with plaintiff's attorneys for approximately two years. On July 5, 1994, plaintiff filed suit in Macomb County Circuit Court against Sears alleging that she suffered personal injuries as a result of Sears' negligence. On July 18, 1994, plaintiff's attorney, Ronald S. Smith, sent a "courtesy copy" of the complaint to Daniel P. Strong, an Allstate claims representative who had been working with Mr. Smith to resolve plaintiff's claims prior to the filing of the complaint. In the letter, Smith also stated that he would "hold off on serving the lawsuit for a period of three weeks in order to you an opportunity to review your file." Plaintiff's motion, Ex. B.

On August 12, 1994, Mr. Strong sent a letter to Mr. Smith acknowledging receipt of the "courtesy copy" of the complaint and confirming that service upon Sears had not been attempted. Defendant's Response Ex. 5. After sending this letter, the two attorneys continued to negotiate. Mr. Strong states that he never informed anyone at Sears that a complaint had been filed. Strong Aff., at para. 7.

Plaintiff formally served her complaint on Sears' resident agent on September 23, 1994. On October 12, 1994, nineteen days after its resident agent first saw a copy of the complaint and at least sixty one days [1] after Mr. Strong had received a "courtesy copy" of the complaint, Sears filed a Notice of Removal based on this court's diversity jurisdiction. Plaintiff filed the instant motion to remand on November 9, 1994.

### III. Analysis

■ The time requirements for removal of cases are set forth in 28 U.S.C. § 1446(b), which provides in pertinent part:

The notice of removal of a civil action or proceeding *shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading* setting forth the claim

---

1. Plaintiff argues that the notice of removal was filed eighty-six days after the "courtesy copy" was received by Strong. The eighty-six days are counted from July 18, 1994, the date when plaintiff's attorney sent the letter. The only confirmation that Strong received the letter is Strong's letter dated August 12, 1994 acknowledging receipt of the "courtesy copy" of the complaint. Because the record does not provide the date that Strong received the letter, the court will note that Strong received it some time before August 12, 1994.

for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b) (emphasis added). The requirement for timely filing a notice of removal "is not jurisdictional, but is mandatory and must be strictly applied." *Kerr v. Holland America–Line Westours, Inc.*, 794 F.Supp. 207, 210 (E.D.Mich.1992) (quoting *Shadley v. Miller*, 733 F.Supp. 54, 55 (E.D.Mich.1990)). As long as the plaintiff does not waive the timeliness defect, untimeliness is a ground for remand. *Id.* at 210.[2]

Plaintiff argues that Sears' removal was untimely because it was filed over thirty days after Strong received the "courtesy copy" of plaintiff's complaint. Sears counters that Strong was not an agent of Sears, nor was Strong authorized to accept service for Sears and therefore the thirty day period for removal did not commence until Sears was formally served.

The Sixth Circuit Court of Appeals has recently held that the removal period is commenced when defendant has received a copy of the initial pleading. *Tech Hills II Associates v. Phoenix Home Life Mutual Insurance Co.*, 5 F.3d 963 (6th Cir.1993). This rule, known as the "receipt rule," was adopted by the Sixth Circuit over the "perfected service rule," which would commence the thirty day period for timely removal under section 1446(b) upon perfected service of process. *Id.* The parties agree that the "receipt rule" is the rule of this circuit.

The issue presented in plaintiff's motion to remand is whether Strong's receipt of the

"courtesy copy" constitutes receipt by Sears under section 1446(b). In *Tech Hills*, the Sixth Circuit explained that as "a general rule, a complaint is considered *received by a corporation when it is received by an agent authorized to accept service of process.*" *Id.* at 968 (citing *Pochiro v. Prudential Insurance Co.*, 827 F.2d 1246 (9th Cir.1987)) (emphasis added).[3] Specifically, the court found that "delivery at defendant's place of business on a Saturday, when the offices are closed, to a security guard, who is not authorized to receive service on behalf of the corporation, is not receipt under the removal statute." According to Sears, Strong was never authorized to accept service of process for Sears. According to Strong, he never informed any employee of Sears that he had received a "courtesy copy" of the complaint. In this instance, delivery of the "courtesy copy" of the complaint to Sears' insurance carrier who is not authorized to receive service on behalf of Sears is similar to delivery of the complaint to a security guard who is not authorized to receive service on behalf of a corporation. Therefore, under *Tech Hills*, Sears did not "receive" a copy of the pleadings under the removal statute when Strong received the "courtesy copy" of plaintiff's complaint.

Neither the Federal Rules of Civil Procedure nor the Michigan Court Rules authorize service of process upon a corporation's insurance carrier. Fed.R.Civ.Pro. 4(h) provides:

(h) SERVICE UPON CORPORATIONS AND ASSOCIATIONS

Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from

---

**2.** The court notes that plaintiff's motion to remand was timely filed pursuant to 28 U.S.C. § 1447(c), which requires that a motion to remand on the basis of a defect in the removal procedure "must be made within 30 days after the filing of the notice of removal." The notice of removal was filed on October 12, 1994 and plaintiff's motion to remand was filed on November 9, 1994. Thus, plaintiff has not waived the timeliness defect.

**3.** Sears cites *Mahony v. Witt Ice and Gas Co.*, 131 F.Supp. 564, 568 (W.D.Mo.1955), where the

court held that defendant, a nonresident motorist, must receive the copy of the initial pleading in order to trigger the time limit for removal. The court held that receipt by the Secretary of State, a statutory agent of the defendant, rather than defendant did not constitute receipt by defendant. In the instant case, defendant is a corporation and the Sixth Circuit, in *Tech Hills* explained that a complaint is considered received by a corporation when it is received by an agent authorized to accept service of process. *Id.* at 968.

which a waiver of service has not been obtained and filed, shall be effected:

(1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by a statute to receive service and the statute so requires, by also mailing a copy to the defendant, or (2) in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph 2(C)(i) thereof.

Section (e)(1) provides for service "pursuant to the law of the state in which the district court is located, or in which service is effectuated, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State." Mich. Ct.R. 2.105(D), the Michigan Court Ruling covering the manner of service of process, provides:

Service of process on a domestic or foreign corporation may be made by

(1) serving a summons and a copy of the complaint on an officer or the resident agent;

(2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;

(3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;

(4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Corporation and Securities Bureau if

(a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;

(b) the corporation has filed to keep its organization by the appointment of officers or otherwise; or

(c) the corporation's term of existence has expired.

Neither Fed.R.Civ.P. 4 or Mich.Court R. 2.105 require the court to conclude that Allstate is authorized to accept service of process on behalf of Sears.

■ Plaintiff has not pointed to any statutory authority which would give Allstate the authority to accept service of process on behalf of Sears. Plaintiff argues that Strong represented that he was acting on behalf of Sears through Allstate. According to Sears, in 1992, at the time of the accident Allstate was a subsidiary of Sears. However, in 1994, the time the complaint was filed, Allstate was a separate entity from Sears. Without authority, Allstate could not accept service of process for Sears. *Whisman v. Robbins,* 712 F.Supp. 632 (S.D.Ohio 1988). Even if Strong represented that he was authorized to accept service of process for Sears, this is not sufficient to establish that Sears had in fact appointed Strong or Allstate as their agent to accept service of process. *Whisman v. Robbins,* 712 F.Supp. 632 (S.D.Ohio 1988).

In most of the cases cited by plaintiff, the courts found that defendants had received a courtesy copy of the complaint when the complaint was forwarded to a manager, attorney or officer of the corporation. *Kerr v. Holland America–Line Westours, Inc.,* 794 F.Supp. 207 (E.D.Mich.1992) (courtesy copy was sent to President and Chief Operating Officer of defendant); *Trepel v. Kohn Milstein, Cohen and Hausfeld,* 789 F.Supp. 881 (E.D.Mich.1992) (summons and complaint sent to one of the partners in defendant partnership); *Pillin's Place, Inc. v. Bank One, Akron, N.A.,* 771 F.Supp. 205, 208 (N.D.Ohio 1991) (copy of complaint received by manager of defendant's collection department); *Dawson v. Orkin Exterminating Co., Inc.,* 736 F.Supp. 1049, 1053 (D.Colo.1990)

(branch manager of defendant received material from plaintiff); *Dial–In, Inc. v. ARO Corp.*, 620 F.Supp. 27 (N.D.Ill.1985) (defendant received complaint); *General Beverage Sales v. Zonin S.p.A.*, 589 F.Supp. 846 (W.D.Wis.1984) (complaint sent to defendant's attorney); *Tyler v. Prudential Insurance Co.*, 524 F.Supp. 1211 (W.D.Pa.1981) (defendant received initial pleading). The only case where an insurance carrier was considered to have received a complaint was in *Davis v. Baer*, 599 F.Supp. 776 (E.D.Pa. 1984). However, in *Davis*, the court granted plaintiff's motion for alternative service on defendant's insurance carrier because they were unable to serve defendants and the court granted plaintiffs' motion. *Id.* at 777. Also, the court noted that "defendants do not contend before the Court that their insurance carrier was not authorized to accept service of process on their behalf." *Id.* at 778–79. In the instant case, Sears does contend that Allstate was not authorized to accept service of process.

 In order to trigger the statutory removal period, plaintiff must show that delivery of the "courtesy copy" of the complaint was "made in a manner which, objectively viewed, is calculated to give fair notice to the defendant." *Pillin's Place, Inc. v. Bank One, Akron, N.A.*, 771 F.Supp. 205, 208 (N.D.Ohio 1991). In *Pillin's Place* the court found that a fax of a "courtesy copy" to the manager of the defendant's collection department triggered the thirty period in which to file a notice of removal. Here, however, Allstate was not a department of Sears, but a separate entity hired by Sears to provide insurance. Def.Brief at 9. Allstate confirmed with plaintiff that service to Sears had not been made. Defendant's Response Ex. 5. Strong never informed anyone at Sears that a complaint had been filed. Defendant's Response Ex. 4. Under the circumstances of this case, the court finds that defendant Sears did not receive the complaint and could not ascertain the removability of this action until receiving service of the pleadings on

September 23, 1994.[4] Therefore, defendant timely removed the case.

## ORDER

Therefore, it is hereby **ORDERED** that plaintiff's motion to remand is **DENIED**.

**SO ORDERED.**

---

4. In *Kerr v. Holland America–Line Westours, Inc.*, 794 F.Supp. 207, 213 (E.D.Mich.1992), the court explained that in order to trigger the thirty-day removal period under section 1446(b), "the pleading must be one from which the defendant is able to intelligently ascertain the removability of the action." Similarly, if defendant in the instant action did not receive notice of the action, then defendant could not ascertain the removability of the action.