Josephine T. **NEAL**

v.

**TRUGREEN LIMITED PARTNERSHIP and Peter Long.**

**Civ. No. Y–95–936.**

United States District Court, D. Maryland.

May 26, 1995.

Francis R. Laws, Bel Air, MD, and Stephen W. Lutche, Esquire, Baltimore, MD, for plaintiff.

Nancy E. Gregor, Baltimore, MD, for defendant Trugreen Ltd. Partnership.

Susan S. Nathan, Towson, MD, for defendant Peter Long.

### MEMORANDUM OPINION

JOSEPH H. YOUNG, Senior District Judge.

In May, 1994, the plaintiff filed suit in the Circuit Court for Baltimore City alleging gender discrimination and harassment. The original complaint contained only state law causes of action. On September 1, 1994, the plaintiff filed a Motion to Dismiss a counterclaim that had been filed, and in that Motion the plaintiff indicated that a Title VII claim based upon the alleged facts would be added to the complaint as soon as a Right to Sue letter was received. The complaint was amended to include the Title VII claim on March 13, 1995, and the defendants removed the case to this Court on March 28, 1995. The plaintiff alleges that the removal was untimely and seeks to have the case remanded to the Circuit Court for Baltimore City.

■ Removal is appropriate "within thirty days after receipt by the defendant ... of a ... motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The removable action itself need not have been filed before a petition for removal is timely. *Perimeter Lighting v. Karlton,* 456 F.Supp. 355, 358 (D.Ga.1978). The right to remove a case is triggered when a motion is filed in the state proceeding, *Peabody v. Maud Van Cortland Hill Schroll Trust,* 892 F.2d 772, 775 (9th Cir.1992), which allows a defendant to intelligently ascertain the removability of the action. *Kerr v. Holland America–Line Westours,* 794 F.Supp. 207, 213 (E.D.Mich. 1992). The thirty-day limitations period is mandatory and must be strictly construed. *Id.* at 210.

■ The Motion to Dismiss was filed in the state proceedings and explicitly informed the defendants and the court that a federal claim based upon the facts alleged in the original complaint would be added. The Motion to Dismiss allowed the defendants to intelligently ascertain the removability of the action, and the thirty-day limitations period for removal began to run upon receipt of the Motion by the defendants. The removal filed by the defendants six months later was untimely and ineffective, and the case shall be remanded to the Circuit Court for Baltimore City.